J. G. HAMILTON ET AL v. EMPIRE GAS & FUEL COMPANY ET AL.

No. 6965. Decided December 8, 1937.
Rehearing overruled January 26, 1938.
Second motion for rehearing overruled February 14, 1940.
(110 S. W., 2d Series, 561.)

378

*A. D. Dyess, Joel W. Cook, W. M. Nold* and *Chester H. Johnson,* all of Houston, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that the regular district judge of the district in which the case was tried (although not the judge who presided in said trial) had no authority to extend the regular term of said court for the purpose of completing the trial of the case, and to dispose of all unfinished business arising at that term of the court. Hunt v. Ziegler, 271 S .W. 936; Texas Mutual Life Ins. Co. v. Laster, 69 S. W. (2d) 496; Pratley v. Sherwin-Williams Co., 36 S. W. (2d) 195; 3 Tex. Jur., 1039.

*Turner, Rogers & Winn, W. B. Harrell, J. N. Townsend, Eugene DeBogory, Richard R. Schultz, O. A. Staple, J. P. Rice* and *Clark & Rice,* all of Dallas, *Jno. E. Green, Jr., Joe S. Brown, Jno. Broughton, M. C. McGehee,* all of Houston, *Phillips, Trammell, Estes, Edwards & Orn, Cecil Cook, McGown & McGown,*

and *Chas. Morgan,* all of Fort Worth, *W. H. Sanford, Angus W. Wynne, Edwin Lacy, Bramlette & Meredith, G. K. Gilbert, Saye, Smead & Saye, James R. Curtis* and *Hampton Smead,* all of Longview, *E. A. Martin* and *Geo. Prendergast,* both of Marshall, *McCartney & McCartney* and *W. T. Church,* all of Tyler, *H. J. Patterson,* of Bartlettesville, Okla., and *Harrell & Kerr,* of Ada, Okla., for defendants in error.

Under the record of this case the Court of Civil Appeals was without jurisdiction. Clayton v. Jobe, 71 S. W. (2d) 911; Morse v. Hoover, 105 S. W. (2d) 682; Wichita Falls Traction Co. v. Cook, 122 Texas 446, 60 S. W. (2d) 764.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of Commission of Appeals, Section B.

The Court of Civil Appeals dismissed the appeal of plaintiffs in error from a judgment rendered against them in the district court of Gregg County, the 124th judicial district, holding "that the regular term of the 124th district court at which this case was tried was never legally extended, and for that reason no notice of appeal * * * was given at the term of court at which the trial was had, and no appeal bond was filed within the time allowed by law." 85 S. W. (2d) 280.

Gregg County constitutes the 124th judicial district created by act of the Legislature in 1931, and the terms of court for said district are held on the first Monday in January, March, May, July, September and November of each year, continuing until and including the Saturday before the next succeeding term begins. (Acts First Called Session, 42nd Legislature, (1931) Chapter 23, p. 37.) At the time this case was filed and tried in said court Judge Will C. Hurst was the judge of the district. The regular term of court at which the case was tried began March 6, 1933, and ended April 29, 1933. The case was tried, however, by Judge Reuben A. Hall, judge of the 71st judicial district, composed of Harrison and Gregg Counties, pursuant to an agreement between Judge Hurst and Judge Hall for exchange of benches. By amended caption of the transcript it is shown that both Judge Hurst and Judge Hall were present and presided as judges of the 124th judicial district during the term beginning March 6 and ending April 29, 1933, and that this cause came on for trial before Judge Hall. In view of the disposition which we make of the case, we have considered, without determining whether we should consider them, the following additional facts shown by an affidavit

made by Judge Hurst: Because the docket of the 124th district court was extremely congested Judge Hurst called upon Judge Hall to assist him in the trial and disposition during the March-April term 1933 of cases pending in said court, and Judge Hall tried this case for him. During the entire term Judge Hurst was present, engaged in the trial of lawsuits and attending to other business in the 124th district court. At the suggestion of Judge Hall, Judge Hurst made and caused to be entered on April 22, 1933, an order, hereinafter set out, for the purpose of extending the term of court until disposition could be made of all matters relating to this case. Judge Hurst on April 29, 1933, made and caused to be entered another order, hereinafter set out, to extend the term "until such time as all motions for new trials and other unfinished business be disposed of." Both orders were entered with the knowledge and approbation of both judges who presided as judges of the court for said term.

The trial of this case, with a jury, was begun on April 10, 1933, and the verdict was returned April 21. Motion to set aside the verdict and for new trial was filed by plaintiffs in error the next day after the verdict was returned. On April 29, 1933, judgment was rendered in favor of defendants in error, the judgment as entered containing the recital that plaintiffs in error excepted to the judgment but no recital that notice of appeal was given.

The order of April 22 above referred to is as follows:

"J. G. Hamilton et al        In the 124th Judicial District
       vs.        Court, No. 8644-A
Empire Gas & Fuel Co. et al    Gregg County, Texas.

"It appearing to this Court that this term of this court is about to expire, and it appearing that in this cause that there will be numerous motions herein that cannot be heard and acted upon before the end of the term in view of the most voluminous record herein, and it appearing that the Judge who tried this case will be constantly engaged in the trial of causes in the District Court of Harrison County, Texas, until after the end of this term, it is deemed necessary to extend this term until such time as all matters relating hereto can be disposed of.

"It is therefore ordered, adjudged and decreed that the present term be, and the same is hereby extended until such time as all matters relating hereto can be disposed of and be determined.

Will C. Hurst, Judge.

Filed April 22, 1933."

The order of April 29 is as follows:

"The State of Texas )
County of Gregg.      )

"It being deemed advisable by Will C. Hurst, Judge of the 124th District Court in and for Gregg County, Texas, on this, the 29th day of April, A. D. 1933, that the present term of said court, same being the March Term A. D. 1933, be extended until such time as all motions for new trials and other unfinished business be disposed of;

"It is therefore considered and ordered that said March Term, A. D. 1933, be and the same is hereby extended until all unfinished business arising at said term of court be finally disposed of.

Will C. Hurst,
Judge, 124th Judicial District
Court of Texas.

Filed: April 29, 1933."

Amended motion for new trial was filed by plaintiffs in error on June 15, 1933, and on that day Judge Hall made an order reciting the making of the two preceding orders of extension by Judge Hurst and extending the term until such time as the amended motion for new trial in this case could be considered and determined and disposition made of all matters relating to the case. The amended motion for new trial was heard and overruled by Judge Hall on June 24, 1933, and the order overruling the motion contains the recital that plaintiffs in error excepted and gave notice of appeal. Appeal bond was filed July 12, 1933.

The court's charge to the jury, the judgment and all other orders entered in this cause in district court, except the orders of April 22 and April 29 above set out, were signed by Judge Hall; and the statement of facts and all bills of exception were approved by Judge Hall.

■ The judgment of the Court of Civil Appeals dismissing the appeal must be affirmed, unless there was a lawful extension of the regular term of district court, for if there was not, no notice of appeal was given in open court and the appeal bond was filed more than thirty days after the judgment of the trial court became final. (Art. 2253, R. S. 1925, as amended in 1927). The order of June 15, unaided either by the order of April 22 or by the order of April 29, cannot serve to extend the term, for, if neither of such prior orders was valid, it was

made after the expiration of the term. Wichita Falls Traction Co. v. Cook, 122 Texas 446, 60 S. W. (2d) 764.

The briefs have cited, and we have found, only two statutes which authorize the extension of. the terms of district courts. The oldest of these is Article 1923 of the Revised Civil Statutes of 1925. It is as follows:

"Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term of said court arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term of said court until the conclusion of such pending trial. The extension of such term shall be shown in the minutes of the court before they are signed. If the term is extended as herein provided, no term of court in any other county shall fail because thereof, but the term of court therein may be opened and held as provided by law when the district judge fails to appear at the opening of a term of court."

The other statute authorizing the extension of terms of district courts was enacted in the year 1927 as a part of an act of the Legislature which, in order to expedite the disposition of cases in the district courts of the State, divided the state into nine administrative judicial districts and provided a method for the assignment of district judges to try cases in district courts other than their own. Acts Regular Session 40th Legislature, Chapter 156, pages 228-231. This statute will be referred to as Article 200a, the number given it in Vernon's Annotated Civil Statutes. The first part of Section 6 of Article 200a is as follows:

"It shall be the duty of any district judge of any district within the Administrative District to extend the regular terms of his court, and to call special terms, when necessary to carry out the purposes of this Act and dispose of pending litigation. If the term be extended as herein provided no other term of the court in such district shall fail because of said extension, but such other terms may be opened and held as usual."

Article 1923 has been construed as authorizing only the extension of the term for the conclusion of the pending trial of the particular cause in and on account of which the order is made and not the extension of the term generally. Jefferson v. Williams, 286 S. W. 614; Clayton v. Jobe, 71 S. W. (2d) 911, (application for writ of error refused) ; Morse v. Hoover, 105 S. W. (2d) 682, 685. The language used in Article 1923 seems

also to mean that the authority to extend the term for the completion of the particular cause is given only to the judge presiding at the trial of such cause. The provision which gives the authority is: "Whenever a district court shall be in the midst of the trial of a cause when the time for the expiration of the term arrives, the judge presiding shall have the power and may, if he deems it expedient, extend the term, etc., It is "the judge presiding" who may extend the term. The first phrase of the quoted sentence, speaking of "the midst of the trial of a cause" as the time or the occasion for exercising the authority, is immediately followed by the concluding phrase which confers the authority upon "the judge presiding." It seems therefore that the authority is intended to be conferred upon the judge presiding over the trial of the cause. This is a reasonable construction because the judge presiding in the particular cause is in a better position to determine whether it is expedient to extend the term for the conclusion of the trial of such cause than is a judge who is not presiding over its trial.

The conclusion of the Court of Civil Appeals that Article 1923 "authorizes only the judge presiding at the trial of the case for which the extension of the term is desired to extend such term" not only is a reasonable construction of the statute, but it is supported by the action of the Supreme Court in refusing the application for writ of error in Clayton v. Jobe, 71 S. W. (2d) 911. In that case, as shown by the opinion of the Court of Civil Appeals and by the transcript, which we have examined, Judge Williams, district judge of the 102nd judicial district, was presiding over and holding the regular term of the district court of the 124th judicial district under assignment thereto by the presiding judge of the first administrative judicial district. The case was tried before Judge Williams, and on the day before the expiration of the term, a motion for new trial having been filed but not disposed of, Judge Hurst, judge of the 124th district, made and caused to be entered an order extending the term for the purpose of hearing and determinating the motion for new trial. The Court of Civil Appeals held that this order did not legally extend the term, construing Article 1923 to authorize the extension to be made only by the judge actually presiding over the trial of the particular case, whether he be the regular judge or a visiting judge. The Supreme Court's refusal of the application for writ of error manifested its approval of the construction placed by the Court of Civil Appeals upon Article 1923 and of the decision of that court that the term of the district court was not legally extended

by the order made by Judge Hurst. Article 1728, R. S. 1925, as amended by Chapter 144, Acts Regular Session, 40th Legislature (1927).

The refusal of the application for writ of error in Clayton v. Jobe evidenced also the approval of the decision of the Court of Civil Appeals therein that Article 200a does not authorize the extension of a term of district court for the conclusion of the trial of a particular case but has application only to the extension of the term generally for the disposition of pending business.

It follows that the order made by Judge Hurst in the instant case on April 22 did not extend the term, unless this case may be distinguished from Clayton v. Jobe. The only facts suggested by the briefs or by the record as affording grounds of difference, in so far as the order of April 22 is concerned, are that in this case Judge Hurst, the regular judge of the 124th district, was during the term at which the trial herein was had actually present and trying other cases pending in the same court and that he made the order of April 22 at the suggestion of Judge Hall. It is not shown by the opinion or by the transcript in Clayton v. Jobe whether Judge Hurst was or was not present and trying cases in the same court when Judge Williams tried that case. And it is not shown that the order undertaking to extend the term was entered by Judge Hurst at the suggestion of Judge Williams. These differences neither require nor justify the conclusion that the order of April 22 made herein by Judge Hurst was valid. As has been said, Article 1923 has been construed as authorizing only the judge actually presiding at the trial of the particular case to make the order extending the term for the completion of the trial of the case. This case was tried by Judge Hall, not by Judge Hurst. While Judge Hurst, on account of being engaged in the trial of other cases in the same court, was a judge presiding in or over the court, he was not the judge presiding in the trial of this case.

■ The order of April 22 as entered in the minutes was made and signed by Judge Hurst. The statement made in the certificate or affidavit of Judge Hurst that he made the order of April 22 at Judge Hall's suggestion or request cannot convert the order actually made and caused to be entered by Judge Hurst into an order made by Judge Hall. Judgments and orders of courts of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitute for such record; and docket entries,

affidavits and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court. R. S. 1925, Article 1899, 1902, 1918; Rule 65 for District Courts; Ex parte Rains, 113 Texas 428, 433, 257 S. W. 217; Daniel v. Daniel, 128 S. W. 469 (application for writ of error refused) ; Noblett v. Olive, 259 S. W. 305; De Zavala v. Scanlan, (Com. App.) 65 S. W. (2d) 489, 491.

We are urged by plaintiffs in error to indulge, in favor of the validity of the order of April 22, the presumption that Judge Hurst participated in the trial of the case, or of some part of the case; but we cannot indulge such presumption in contradiction of the record, which shows clearly that the case was tried by and before Judge Hall. The amended caption of the transcript, as well as the original caption, recites that the cause came on for trial before Judge Hall. The judgment and all orders made in the case, except the two the validity of which is under consideration, are signed by Judge Hall; and the statement of facts and all of the bills of exception are approved by Judge Hall. The affidavit made by Judge Hurst and filed in the Court of Civil Appeals by plaintiffs in error to perfect the record states that Judge Hall tried this case for him and contains no intimation that Judge Hurst participated in the trial of the case to any extent or in any manner, except in the making of the two orders attempting to extend the term.

■ The second order made by Judge Hurst, that of April 29, has been set out above. It recites that Judge Hurst deems it advisable that the term be extended "until such time as all motions for new trials and other unfinished business be disposed of" and it orders that the term be and is extended "until all unfinished business arising at said term of court be finally disposed of." Thus the extension of the term is intended to relate not to one pending case but to all cases in which there may be motions for new trial not determined or other business unfinished. Article 1923, as has been said, does not authorize the entry of such order.

■ We agree with the conclusion of the Court of Civil Appeals that the order of April 29 cannot be sustained as valid under the authority given by Section 6 of Article 200a, but we need not approve and do not approve all of the reasons given in the opinion of the Court of Civil Appeals for that conclusion. That court correctly held in Clayton v. Jobe, 71 S. W. (2d) 911, that Section 6 of Article 200a did not repeal Article 1923 and that the two acts, construed together, mean that Article 1923 empowers the judge actually presiding at the trial of a par-

ticular case to extend the term for the conclusion of the trial of that case, while Section 6 of Article 200a gives authority to the district judge to extend the term generally for the disposition of pending litigation and not authority to extend the term for the completion of the trial of one particular case. It was held in Moore v. Davis, (Com. App.) 32 S. W. (2d) 181, that Article 200a is cumulative of existing statutes relating to the same subject.

Authority for the extension of terms of district courts is given by Section 6 of Article 200a in very general terms. *"Any district judge of any district* within the administrative district" (meaning, we think, *any* administrative district) may extend the regular terms of his court when necessary to carry out the purposes of the act and dispose of pending litigation. The general purpose of the act is to secure the early trial and disposition of litigation that may be pending in the district courts of the State. More briefly stated, the purpose is to dispose of pending litigation. The division of the State into administrative districts and the designation of a presiding judge for each district, with authority to assign a judge of one district to try cases in another district, constitute merely the method for the accomplishment of the general purpose. In our opinion the act authorizes any district judge of any district to extend the term of his court when necessary to dispose of pending litigation, whether the court is being held at the time by a judge assigned under the terms of the act to hold court in a district other than his own, or by the regular judge of the district, or by the judge of another district under agreement for exchange of benches, or by any judge lawfully appointed, elected or designated. Under such construction Judge Hurst, judge of the 124th district, had the authority by virtue of Section 6 of Article 200a to extend the regular term of his court if it was necessary to do so in order to dispose of pending litigation, even though Judge Hall was trying cases in the 124th district court under agreement with Judge Hurst for exchange of benches rather than by direction of the presiding judge of an administrative district.

Notwithstanding the conclusion last expressed, and although it is our duty to construe both the statute and the order liberally in furtherance of the right of appeal (Pratley v. Sherwin-Williams Co. (Com. App.) 36 S. W. (2d) 195, 197; Wichita Falls Traction Co. v. Cook, 122 Texas 446, 452, 60 S. W. (2d) 764), we cannot sustain the order of April 29th as a valid extension of the term, for the reason that it does not extend the term for any definite time or to any certain date. It is neces-

sary that an order extending a term of district court generally fix definitedly a time for the end of the term. Otherwise there would be no certainty as to the time when judgments rendered at the term would become final or as to the expiration of the time for the perfecting of appeals. The order made extends the term vaguely and indefinitely "until such time as all motions for new trials and other unfinished business be disposed of." Taken literally this language means that the term shall not end until every motion for new trial pending at the time the order is entered has been acted upon and all unfinished business of the court of whatever character has been disposed of. The term "unfinished business" is so general that its meaning is uncertain. It is made more uncertain, even if less general, by the qualifying words added in the concluding phrase of the order that the term is extended until all unfinished business "arising at said term" be finally disposed of.

Considering the order as intending to extend the term until pending motions for new trial in all cases are disposed of, it may be noted, to illustrate its fatal indefiniteness, that the failure of one litigant, who may neglect, or decide to abandon, his motion, to call his motion to the attention of the court, or a lack of diligence on the part of the judge in hearing and deciding all motions, would cause the term to continue without end. In the interest of orderly procedure and in furtherance of the purpose of Article 200a, it is essential that its Section 6 be construed as authorizing the extension of terms of court only to certain fixed dates or for definitely specified periods.

Another possible construction of the order of April 29th is that it was intended to extend the term as to each pending case separately until the conclusion of its trial. That construction would do violence to the language of the order; and the order, if so construed, is not authorized by Section 6 of Article 200a which empowers the judge to extend the term generally for the disposition of all pending business. Furthermore Section 6, if construed to authorize such order, would in its practical effect repeal Article 1923, when, as held by the authorities hereinbefore cited, no repeal was intended.

After careful consideration of the applicable statutes and the authorities cited herein and in the briefs, we are compelled to hold that neither of the two orders made was effective to extend the term of court.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court December 8, 1937.

Rehearing overruled January 26, 1938.

Second motion for rehearing overruled February 14, 1940.