Roger MANOOGIAN, et ux., Appellants,

v.

LAKE FOREST CORPORATION, et al., Appellees.

Elmer ARLDT, et ux., Appellants,

v.

LAKE FOREST CORPORATION, et al., Appellees.

Nos. 13432, 13433.

Court of Appeals of Texas, Austin.

May 18, 1983.

Rehearing Denied June 22, 1983.

Don Busby, Temple, for appellants.

E. Hazen Woods, Jr., Kathi J. Stafford, Phillips & Neal, Austin, for appellees.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

SHANNON, Justice.

The opinion of the Court in these causes handed down on December 29, 1982, is withdrawn and the following opinion is substituted therefor.

Appellants Roger and Nancy Manoogian and Elmer and Carol Arldt filed suits in the district court of Bell County against appellees Lake Forest Corporation, Lakeaire Owners Association, Inc., and Frank W. Allen to recover damages, among other things, allegedly resulting from certain representations made to appellants prior to their purchase of real estate. The district court rendered summary judgments that appellants take nothing. The respective appeals, although separately treated in the parties' briefs, were argued together and both will be considered in this opinion.

Appellants pleaded that in 1972 Lake Forest Corporation created a subdivision in Bell County known as Lakeaire. In 1974, appellants Arldt purchased a lot in the subdivision. In 1977, appellants Manoogian also bought one of the lots in the subdivision. On or before the respective purchases, agents for Lake Forest allegedly represented, among other things, that a baseball diamond and a park would be built adjacent to the lot which interested the Arldts; that the existing dump was only temporary; that the roads within the subdivision would be paved and maintained until Bell County assumed their maintenance; that the water supply would be adequate; that the subdi-

vision would have a security guard; that only residences would be constructed within the subdivision; that Lake Forest would enforce the subdivision regulations; and that the restrictions allowed placement of a structure at a certain location on the lot which interested the Arldts.

Appellants pleaded further that such representations were false, misleading, and deceptive in that roads within the subdivision were not subsequently paved and maintained; no baseball diamond or park was constructed; the dump was not eliminated; the water supply was not adequate; no security guard was furnished; and the subdivision restrictions have not been enforced.

Appellants sought damages for costs of re-surveying and for devaluation of their lots allegedly resulting from the failure of appellees to perform as represented. Appellants pleaded that they were entitled to treble damages pursuant to Tex.Bus. & Comm.Code Ann. § 17.50, et seq. (Supp. 1981). Appellants also sought injunctive relief commanding Lake Forest to perform the acts as represented by its agents.

■ Appellants Manoogian complain that the district court erred in rendering summary judgment for appellees. We sustain the point. The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. If the defendant's summary judgment proof does not establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's case, then the plaintiff does not have the burden, to avoid summary judgment, of going forward with summary judgment proof of like quality. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Torres v. Western Casualty and Surety Company,* 457 S.W.2d 50 (Tex.1970); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972).

■ The major ground in appellees' motion for summary judgment was that in answers to discovery the Manoogians admitted they sustained no monetary damages resulting from the representations made to them by Lake Forest's agent. The Manoogians' response to appellees' contention was that the value of their lot was less than the value it would have had if the representations had been carried out. The response was supported by Roger Manoogian's affidavit in which he swore that the value of his lot was decreased because Lake Forest failed to pave and repair the streets within the subdivision and because Lake Forest failed to enforce "the subdivision regulations" that only permanent homes were permitted within the subdivision. The claimed diminution in value of the lot was $1700.

■ Appellees claim the answers to discovery established as a matter of law that the Manoogians suffered no damages as the result of the agent's representations, and, as damages are an essential element of appellants' cause of action, appellees are entitled to an affirmance of the summary judgment. Appellees overlook the fact that the Manoogians came forward with summary judgment "proof" by way of the affidavit that, indeed, they did suffer damages flowing from the representations. It is plain that the Manoogians' summary judgment "proof" raised a fact issue that must be resolved by the trier of fact.[1]

1. Appellees advance other arguments in defense of the summary judgment. Appellees contend that since the subdivision restrictions permit both the individual landowners and the subdivision to enforce the restrictions, appellants cannot complain of appellees' failure to enforce them. Despite the language of the restrictions, if appellee Lake Forest represented that it would enforce the restrictions at the time of the sale, appellants were entitled to rely on the representation. The same is true of the alleged representations of appellee Lake Forest that it would repair and maintain the roads until Bell County took over maintenance. Even if Bell County had responsibility to maintain the roads, appellants would still have a cause of action against appellees for their failure to do so if the alleged representations were in fact made.

On motion for rehearing, appellees insist that the Manoogians' affidavit was not properly a part of the summary judgment proof since it was objected to by appellees at the summary judgment hearing and since the district court sustained the objection. Indeed, the district court's action in sustaining appellees' objection to the affidavit is reflected in a statement of facts taken at the summary judgment hearing and filed in the papers of this appeal. The questioned affidavit appears, however, in the transcript and there is no order of the court in the transcript showing that the affidavit was stricken thereby eliminating it as a part of the summary judgment "evidence" to be reviewed by this Court.

■■■ The problem posed by appellees' motion for rehearing is not one easily resolved by reference to on-point authority. The problem arises because appellees failed to adhere to the venerable rule of practice that orders of the court must be reduced to writing and filed in the papers of the cause. It is said, in general, that orders of the court to be effectual must be entered of record. *See Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561 (Tex.1937). It is further held that the trial court's rulings on the pleadings should be shown by an order or judgment. *Gulf Paving Co. v. Lofstedt,* 144 Tex. 17, 188 S.W.2d 155 (Tex.1945). Furthermore, the Supreme Court has written recently that a statement of facts has no place in a summary judgment proceeding. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). This Court has concluded, therefore, that the affidavit was properly a part of the summary judgment "evidence."

■■■ Appellants Arldt urge that the district court erred in rendering summary judgment against them. Appellees defend entry of summary judgment upon the basis that the alleged representations were oral and therefore unenforceable as being in violation of the statute of frauds, Tex.Bus. and Comm.Code Ann. § 26.01 (Supp.1981), because those representations called for performance more than one year from the time they were made. This contention is not meritorious. Appellees claim that since the representations called for continuing services such as road maintenance, water supply, and security, performance by definition must take longer than one year. In *Adair v. Stallings,* 165 S.W. 140 (Tex.Civ.App. 1914, writ dism'd), it was held that a contract to repair and maintain a fence was *not* violative of the statute of frauds because the contract by its express terms did not endure for longer than a year, and it might have been performed within a year. Appellants' other claims (that a park and a baseball diamond would be built, that a dump located behind their lot was only temporary and would be filled in, and that they could build up to a specified line on the lot) likewise could have been performed within a year and therefore were not violative of the statute.

■■■ Appellees argue further that the district court correctly rendered summary judgment because appellant Arldts' cause of action was barred by limitations. As to several of appellants' claims, appellees' contention is meritorious. Parties on appeal are limited to those issues raised in the motion for and response to summary judgment. *City of Houston v. Clear Creek Basin Authority, supra.* On the face of the pleadings, appellants' claims are barred by limitations (appellants alleged the representations occurred on July 18, 1974 and suit was filed on December 29, 1978). Therefore, it was appellants' burden to come forward in their response to the motion for summary judgment explaining why the claim should not be barred. *Whatley v. Nat'l Bank of Commerce,* 555 S.W.2d 500 (Tex.Civ.App.1977, no writ). Appellants responded only to those claims regarding road maintenance, the baseball diamond, the park, and the dump. Those claims regarding security, water supply, and the point to where they could build, therefore, have been waived. *City of Houston v. Clear Creek Basin Authority, supra.*

■■■ As to the claims not waived, appellants Arldt raised fact issues by their responses asserting appellees gave constant reassurances that these things would be

done up to and including 1978. Reassurances of this character can act to toll the statute of limitations. *Johnson v. Buck,* 540 S.W.2d 393 (Tex.Civ.App.1976, writ ref'd n.r.e.); *Al Parker Securities Co. v. Owen,* 1 S.W.2d 271 (Tex.Comm.App.1928, judgm't adopted). Summary judgment was improvidently granted.

The judgments are reversed and the causes are remanded to the district court for trial on those points not determined as a matter of law in this opinion.