In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00260-CR
______________________________


ASHER BLANSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30,919-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Asher Blanson, acting pro se with a stand-by attorney, has filed a notice of appeal from an
order denying his motion to recuse the trial judge. The right to appeal is conferred by the
Legislature. See Rushing v. State, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002). A party may appeal
only that which the Legislature has authorized. See Connolly v. State, 983 S.W.2d 738, 744 (Tex.
Crim. App. 1999). As a general rule, an appellate court may consider appeals by criminal defendants
only after conviction. See Ex parte Shumake, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no
pet.). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express
authority. See Tex. R. App. P. 25.2(a)(2); Ex parte Apolinar v. State, 820 S.W.2d 792, 794 (Tex.
Crim. App. 1991); McKown v. State, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).
            There is no authority granting permission to pursue an interlocutory appeal from an order on
recusal. Those matters are addressed on appeal once the trial court proceedings are concluded. See
Tex. R. Civ. P. 18a(f).


 
 
 
 
 
            We therefore dismiss the appeal for want of jurisdiction. 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 13, 2004
Date Decided:             January 14, 2004

Do Not Publish




n two days of filing," and formally
requesting a hearing on the motion under Tex. R. App. P. 21. The letter notes the flooding
problems in the Houston area at that time. On July 30, 2001, appellate counsel filed a
written objection to the submission of the motion solely on affidavits and requested a
hearing. The court's docket sheet shows only the filing of the motion.

 In response to Hernandez' contention the trial court abused its discretion in refusing
to hold a hearing on the motion for new trial, the State contends: 1) a proper presentment
to the trial court was not made by Hernandez; and 2) Hernandez failed to show the trial
court abused its discretion in not holding a hearing on the motion. 

 Tex. R. App. P. 21 governs new trials in criminal cases. Rule 21.4(a) provides that
a defendant may file a motion for new trial "before, but no later than 30 days after, the date
when the trial court imposes or suspends sentence in open court." The record in this case
reflects a timely filing; sentence was imposed May 17, 2001, and the motion was filed
June 14, 2001. 

 Rule 21.6 provides, "The defendant must present the motion for new trial to the trial
court within 10 days of filing it, unless the trial court in its discretion permits it to be
presented and heard within 75 days from the date when the court imposed or suspends
sentence in open court." Tex. R. App. P. 21.6. The Texas Court of Criminal Appeals,
finding the word "present" to be "somewhat ambiguous" and resorting to extra-textual
sources, determined the purpose or object sought to be obtained by this requirement "is
to put the trial court on actual notice that a defendant desires the trial court to take some
action on the motion for new trial such as a ruling or a hearing on it." Carranza v. State,
960 S.W.2d 76, 78 (Tex. Crim. App. 1998). The record must show the movant for a new
trial sustained the burden of actually delivering the motion for new trial to the trial court or
otherwise brought the motion to the attention or actual notice of the trial court. Id. at 79. 
The majority opinion also quoted from the concurring opinion of Judge Overstreet, (2) which
stated presentment must result in actual notice to the trial court and may be evidenced by
the judge's signature or notation on a proposed order or by a hearing date set on the
docket. Id. at 79-80. In Gumpert v. State, 48 S.W.3d 450, 458-59 (Tex. App.-Texarkana
2001, pet. ref'd), we held that mere filing of the motion for new trial was not sufficient to
show "presentment" as required by the rule; the record must show the movant actually
delivered the motion to the trial court or otherwise brought it to the attention or actual notice
of the trial court. 

 Hernandez has cited Daniels v. State, 63 S.W.3d 67 (Tex. App.-Houston [14th Dist.]
2001, pet. ref'd), which addressed the issue of sufficient "presentment" of the motion for
new trial and held the presentment there was sufficient. The record in that case contained
a docket entry: "Motion for New Trial was presented to the Court." The Fourteenth Court
of Appeals held that, based on this docket entry, the trial court had the required actual
notice of the motion within ten days of the date of its filing and the defendant had fulfilled
his obligation under Rule 21.6. Id. at 69.

 Daniels is distinguishable from this case, as there is nothing in the record to
substantiate that the trial court had "actual notice." The handwritten notation in which
counsel states he spoke with a substitute coordinator "@ 49 San Jacinto @1100 on
6/14/01," contains only the unilateral assertion by counsel of his conversation with court
personnel on the date indicated. It does not contain acknowledgment of presentment to
the judge, the coordinator, or to anyone else who could speak for the court. Significantly,
the docket sheet in this case shows only the filing of the motion. (3)

 After oral argument and submission of this case, Hernandez filed a motion to
supplement the record on appeal, or in the alternative, to abate the appeal to the trial court
to make findings of fact concerning the "presentment" of the motion for new trial. The
purpose was to facilitate a showing by Hernandez that the trial court was properly
presented with the motion. Accompanying the motion to supplement was the affidavit of
a former Harris County assistant district attorney who handled the Hernandez case. This
affidavit states that, because a tropical storm caused flooding of the Harris County Criminal
Justice Center in June 2001, normal trial dockets were not being heard at that time, and
offices of both the courts and the district attorney had to be relocated. The affidavit asserts
that both the judge and the court coordinator in Hernandez' case had actual notice of the
filing of the motion for new trial, and that it was the judge's stated intention to rule on the
motion based solely on affidavits. Hernandez' motion to supplement is also supported by
copies of two letters from appellate counsel, acknowledging the difficulties under which the
courts were operating at that time because of the flooding. 

 In Yarbrough v. State, 57 S.W.3d 611 (Tex. App.-Texarkana 2001, pet. ref'd), we
held that, under the Rules of Appellate Procedure, specifically Tex. R. App. P. 34.1, we are
not permitted, in a direct appeal, to consider affidavits not before the trial court, except
regarding matters affecting our jurisdiction. Id. at 615. Rule 34.1 defines the contents of
an appellate record-the clerk's record and the reporter's record. We held that affidavits
filed solely in the appellate court do not properly fall into either part of the record and,
therefore, cannot properly be considered by a court of appeals. Id. at 616. This is, in
principle, no different from the Texas Court of Criminal Appeals' admonition that claims of
ineffective assistance of counsel must be "firmly founded" in the record and that such
claims are often "inappropriate" for determination on direct appeal. Thompson v. State,
9 S.W.3d 808, 813 n.5 (Tex. Crim. App. 1999). 

 While we are aware of the flood in the Houston area during significant time periods
in this case, the Rules of Appellate Procedure and caselaw do not permit us to consider
matters which are, under the rules, outside the record. This is in accord with the basic
function of an appellate court and the basic concept of an appeal. An appeal is a review
by a superior court of an inferior court's decision and may, generally, be used to obtain a
review of a judgment for errors apparent on the face of the record, determine whether error
occurred in the proceedings leading up to the judgment, or determine the validity of the
judgment itself. However, an error in fact that is not exhibited by the record cannot be
corrected by such review. 4 Tex. Jur. 3d Appellate Review ǧ 1, 2 (1999). 

 The record does not contain an acknowledgment of presentment of the motion for
new trial to the trial court, and the docket sheet does not show presentment. Based on the
applicable law and the lack of proof in the record of actual notice, as required, we hold
Hernandez did not timely "present" the motion for new trial to the trial court. 

 Even assuming Hernandez' motion for new trial was properly presented to the trial
court, we hold the motion and affidavits, even if assumed to be true, were not sufficient to
grant Hernandez a new trial. 

 When an accused properly presents a motion for new trial, raising matters not
determinable from the record, which would entitle the accused to relief, it is an abuse of
the trial court's discretion to fail to hold a hearing on the motion. King v. State, 29 S.W.3d
556, 569 (Tex. Crim. App. 2000); Reyes v. State, 849 S.W.2d 812, 815-16 (Tex. Crim.
App. 1993). The motion must be accompanied by affidavit(s), specifically showing the truth
of the grounds of attack. King, 29 S.W.3d at 569; Edwards v. State, 37 S.W.3d 511, 514
(Tex. App.-Texarkana 2001, pet. ref'd). If the affidavits do not supply reasonable grounds
which would entitle the accused to the relief sought, the trial court does not abuse its
discretion in refusing to hold a hearing. King, 29 S.W.3d at 569; Jordan v. State, 883
S.W.2d 664, 665 (Tex. Crim. App. 1994). While the affidavits are not required to reflect
every argument legally required to establish relief, the motion or affidavits must reflect that
reasonable grounds exist for holding that such relief could be granted. Edwards, 37
S.W.3d at 514. 

 Hernandez' motion for new trial contends that his plea of guilty was involuntary and
that he was denied effective assistance of counsel due to erroneous assurances from trial
counsel regarding his punishment. Hernandez' affidavit attached to the motion for new trial
states that he did not commit the crime with which he was charged, that his trial counsel
had been pressuring him to accept a two-year plea-bargained sentence offered by the
State, and most significantly, that on the day he was to enter his plea, he received
assurances from trial counsel that he would receive community supervision. The affidavits
of his relatives, also attached to the motion for new trial, are to the same effect, that trial
counsel told Hernandez that, if he pled guilty, he would receive community supervision. 
Hernandez further stated in his affidavit the only reason he pled guilty to the offense
charged was because he got such assurances from his attorney. 

 The matter of whether the plea of guilty in this case was voluntary or involuntary is
determinable from the record. At the plea hearing, Hernandez stated in open court, and
in writings submitted to the court, that he was guilty of the crime for which he was charged,
that he was aware his plea of guilty was without an agreed recommendation as to
punishment, and that the trial court could and would consider the full range of punishment 
authorized by law. Hernandez further acknowledged that his plea of guilty was not the
result of force, threats, or promises, and that he was satisfied with his lawyer's
representation. 

 An attestation of voluntariness at the plea hearing creates a heavy burden for the
appellant to show involuntariness at a subsequent hearing. Valle v. State, 963 S.W.2d
904, 909 (Tex. App.-Texarkana 1998, pet. ref'd). In Messer v. State, 757 S.W.2d 820
(Tex. App.-Houston [1st Dist.] 1988, pet. ref'd), the defendant entered a plea of no contest,
telling the trial court at the plea hearing that no one had "forced, threatened, or coerced" 
him in any way in the entry of his plea. He testified that he was entering his plea voluntarily
and that he recognized it was an open plea without recommendation by the state. A PSI
report was ordered, and the defendant was specifically advised the state reserved the right
to argue for whatever punishment it felt appropriate at a later hearing. Id. at 822. At a
hearing on his motion for new trial, Messer testified that his nolo contendere plea was
entered strictly because his attorney advised him he would get probation. Id. Trial counsel
testified that, based on an informal meeting with the judge and the prosecutor, she thought
if the defendant entered a no contest plea, his sentence would be probated, and that she
so advised the defendant. Id. at 823-24. Trial counsel acknowledged that her perceptions
of what occurred at this meeting were mistaken and that her advice to the defendant as to
the promise of probation was unprofessional and incorrect. Id. at 826. Notwithstanding
this testimony, the Houston court held:

 The statements made to appellant by his defense counsel about the
punishment he might expect if he pleaded no contest simply constituted
counsel's predictions, albeit erroneous ones, about the logical outcome of
certain trial strategy. In view of the clear admonitions given by the trial court
before the plea, which both the appellant and his counsel admit they
understood, appellant cannot credibly contend that his plea was involuntary
and that he was denied effective assistance of counsel. 

 

Id. at 826.

 Further, in the opinion on the appellant's motion for rehearing, the court stated:

 Here, the testimony presented by appellant and his counsel at the
new trial hearing shows that counsel was fully apprised of the trial court's
intent to consider all factors before making an assessment of punishment. 
Having assured the court that his plea was voluntary and not based on any
promises or inducements . . . appellant cannot now complain that his counsel
was ineffective in advising him about the court's intent in assessing
punishment.

 

Id. at 828 (op. on reh'g).

 In Messer, trial counsel admitted giving her client unjustified assurances of a
probated sentence. However, she and the defendant acknowledged the judge told them
in open court of the full range of punishment available, and that no assurances of a specific
punishment had been made. In the instant case, there is no affidavit from trial counsel at
all. Even if we accept as true Hernandez' assertions of counsel's assurances, and accept
as true all other witnesses' testimony that trial counsel told him he would get probation, we
agree with the holding of the Houston court that such assurances, albeit erroneous, cannot
overcome the admissions Hernandez made in open court that his plea was voluntary, with
full knowledge of the court's sentencing options. 

 The trial court did not abuse its discretion by not holding a hearing on Hernandez'
motion for new trial.

 Hernandez contends his trial counsel rendered constitutionally ineffective assistance
in two respects: one, the giving of erroneous advice as to his prospects for community
supervision, and two, for failing to heed the warnings of Hernandez' present appellate
counsel regarding the unavailability of the State's witnesses at the punishment hearing and
calling Hernandez to testify at that hearing. 

 When confronted by a claim of ineffective assistance, the two-pronged analysis of
Strickland v. Washington (4) is utilized to determine whether the accused did not receive
constitutionally effective assistance of counsel. Under the first prong of the Strickland test,
an appellant must show counsel's performance was deficient, i.e., show that counsel made
errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth
Amendment. To be successful in such a claim, an appellant must show counsel's
representation fell below an objective standard of reasonableness. Under the second
prong, an appellant must show the deficient performance jeopardized his defense. The
appropriate standard for judging prejudice requires an appellant to show there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different. A reasonable probability is a probability sufficient
to undermine confidence in the outcome. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000); Smith v. State, 40 S.W.3d 147, 149 (Tex. App.-Texarkana 2001, no pet.). Any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the ineffective assistance. When determining the validity of a
defendant's claim of ineffective assistance, any judicial review must be highly deferential
to trial counsel and avoid the deleterious effects of hindsight. There is a strong
presumption that counsel's conduct falls within the wide range of reasonable professional
assistance. Thompson, 9 S.W.3d at 813. When the record is silent, i.e., when there is
nothing in the record to reflect counsel's reasons for actions or inactions, and plausible
explanations exist, the appellate court should presume trial counsel made all significant
decisions in the exercise of professional judgment. Valdes-Fuerte v. State, 892 S.W.2d
103, 112 (Tex. App.-San Antonio 1994, no pet.). 

 Regarding the claim of ineffective assistance based on counsel's assurance of a
probated sentence, we refer to Messer, cited above. The Houston court held in that case
the second prong of the Strickland test could not be met where the defendant and his
attorney were specifically advised in open court that all punishment options were available,
and where they specifically stated that no promises had been made, and where the
defendant stated that he understood the trial court could assess any appropriate
punishment. Messer, 757 S.W.2d at 828.

 To successfully attack a guilty plea for ineffective assistance, a defendant must
show counsel's alleged deficiencies caused his plea to be unknowing and involuntary. This
standard requires a defendant to show there is a reasonable probability that, but for
counsel's errors, defendant would not have pled guilty, but would have insisted on going
to trial. State v. Kelley, 20 S.W.3d 147, 151 (Tex. App.-Texarkana 2000, no pet.). 
Hernandez stated in open court, and he and his counsel signed documents reflecting, that
his plea was voluntary and made with full knowledge of potential punishments. 

 Regarding the decision to call Hernandez to testify at the punishment hearing, we
note the silence of the record regarding trial counsel's reasoning in making this
determination. No affidavit submitted with the motion sets forth counsel's strategy, and for
the reasons stated above, we are precluded from considering appellate counsel's
assertion, made in a post-submission motion to this Court, concerning his unsuccessful
attempts to obtain trial counsel's affidavit. We will make a full inquiry into counsel's
strategy or tactics only if, from all appearances after trial, there is no plausible basis in
strategy or tactics for such counsel's actions. We will not second-guess counsel's trial
strategy; nor will the fact that another attorney might have pursued a different course
support a finding of ineffectiveness. Matlock v. State, 20 S.W.3d 57, 59 (Tex.
App.-Texarkana 2000, pet. ref'd). The State offers the plausible explanation that trial
counsel may have adopted the strategy of fully disclosing Hernandez' past misdeeds, and
argue that he had reformed and would be an appropriate candidate for community
supervision. In closing argument, trial counsel stressed Hernandez' difficult upbringing,
his present support of three children, and that he had learned from his mistakes. 

 While present appellate counsel may have chosen a different strategy in attempting
to keep out these prior prison disciplinary violations, we conclude Hernandez' affidavits,
even if true, would fail to overcome the recognized presumption in favor of a viable trial
strategy. 

 We find no reasonable basis on which the motion for new trial should have been
granted, even if the testimony contained in the affidavits was found to be true. We
therefore find no abuse of discretion by the trial court in failing to conduct a hearing on
Hernandez' motion. 

 We affirm the judgment.



 Donald R. Ross

 Justice

 

Date Submitted: May 29, 2002

Date Decided: June 21, 2002


Publish

 
1. Hernandez was twenty-three years old at the time of trial.
2. The majority opinion called it "essentially the same holding as that set out in this
opinion." Carranza v. State, 960 S.W.2d 76, 80 (Tex. Crim. App. 1998).
3. Generally, docket sheets are not evidence. Rodriguez v. State, 834 S.W.2d 592,
595 (Tex. App.-Houston [1st Dist.]), pet. granted in part & ref'd in part; remanded in part
on other grounds, 844 S.W.2d 744 (Tex. 1992). However, "[a] docket entry may supply
facts in certain situations, but it cannot be used to contradict or prevail over a final judicial
order. N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (citing Matthews v. Looney,
132 Tex. 313, 123 S.W.2d 871 (1939); Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377,
110 S.W.2d 561 (1937); Ex parte Rains, 113 Tex. 428, 257 S.W. 217, 220 (1923); Stark
v. Miller, 63 Tex. 164 (1885)). 
4. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This standard was adopted
as the standard for claims made under the Texas Constitution. Hernandez v. State, 726
S.W.2d 53, 56-57 (Tex. Crim. App. 1986).