NUMBER 13-03-00615-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

D. LA BELLE HERREN BEASLEY

AND BRANDON MICHAEL LIRETTE,                                            Appellants,

 

                                                             v.

 

C. LE ROY HERREN,                                                                         Appellee.

 

      On appeal from the Probate Court of Galveston County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

This is an appeal from a final judgment
rendered in a case challenging the testamentary capacity of the settlors of a
joint living trust and the corresponding validity of that trust.  We affirm the judgment of the trial court.








In 1994, Mildred and Cecil Herren created
the Joint Herren Family Trust as a joint inter vivos trust.  They amended the Trust Agreement in April
1997, and again in December 1997. 
Appellants, D. La Belle Herren Beasley and Brandon Michael Lirette,
filed suit against appellee, C. Le Roy Herren, alleging that Mildred and Cecil
Herren were mentally incompetent and lacked the required testamentary capacity
at the time the December 1997 Joint Trust Agreement was executed, thereby
rendering the December 1997 Trust invalid.

The case was tried to a jury.  By three questions, the trial court=s charge asked the jury to determine the
following issues:

(1)       whether Cecil Herren had testamentary
capacity at the time he executed the December 1997 Trust;

 

(2)       whether Mildred Herren had testamentary
capacity at the time she executed the December 1997 Trust; and

 

(3)       what sum of money, if any, should be paid
to appellee for attorney=s fees and expenses.

 

The jury returned its special verdict on April
10, 2003.  In response to the first
question, the jury found that Cecil Herren did have testamentary capacity at
the time he executed the December 1997 Trust. 
However, the jury did not answer the second and third questions.

The trial court signed a final judgment on
June 2, 2003, accepting the jury=s response to the first question and
severing that portion of the case from the issues presented in questions two
and three.  The final judgment finds that
the December 1997 Trust is valid and awards attorney=s fees and expenses to appellee.








Appellants complain of the post-trial
actions of the trial court. 
Specifically, appellants assert that when the jury returned on April 10,
they reported that they had deadlocked on question two, and the trial court
then declared a mistrial as to questions two and three before severing them
from the question answered by the jury. 
In their first issue, appellants contend the trial court erred by not
ordering a retrial after it declared a mistrial.  In their second and third issues, appellants
contend the trial court erred by rendering judgment on issues not decided by
the jury.  In response, appellee argues
that appellants failed to object to any actions taken by the trial court, and
thus, have waived any error.  

Appellants did not provide this Court with a
reporter=s record of any of the proceedings in this
case.  Specifically, appellants did not
provide this Court with a reporter=s record of the post-trial proceedings of
which they complain.  On October 24,
2003, this Court issued notice under Texas Rule of Appellate Procedure 37.3
that a reporter=s record had not been filed in this
case.  See Tex. R. App. P. 37.3(c). 
We were subsequently advised that appellants had not made any request or
arrangements to pay for the reporter=s record.[1]  Therefore, we may only Aconsider and decide those issues or points
that do not require a reporter=s record for a decision.@  Id.








Appellants refer us to the court=s docket sheet as evidence of the trial
court=s post-trial actions, including granting a
mistrial.  However, for judgments and
orders of the trial court to be effectual, they must be entered of record.  Hamilton v. Empire Gas & Fuel Co.,
110 S.W.2d 561, 566 (Tex. 1937).  Entries
made on a docket sheet do not constitute written orders, see In re
Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 831
(Tex. 2005), and entries in the court=s docket sheet cannot be accepted as a
substitute for an official record.  Hamilton,
110 S.W.2d at 566; see Goff v. Tuchscherer, 627 S.W.2d 397, 399-400
(Tex. 1982) (holding that letters signed by the judge Ato counsel are not the kind of documents
that constitute a judgment, decision or order from which an appeal may be taken@).  We
conclude that appellants have failed to present this Court with any evidence in
support of their complaints.  See
Hamilton, 110 S.W.2d at 566 (Adocket entries, affidavits and other like
evidence can neither change nor enlarge judgments or orders@).

We may only consider the record presented to
us and Acannot speculate on what might or might not
be in the missing portions of the record.@  In
the Interest of M.S., 115 S.W.3d 534, 546 (Tex. 1993).  Without a reporter=s record of the post-trial proceedings, we
have no evidence with which to determine whether appellants preserved error on
their issues, whether the trial judge granted a mistrial, whether the unanswered
jury questions were voluntarily submitted to the trial court for determination,
or any other number of possibilities.  In
the absence of a complete reporter's record, we presume the missing portions
support the trial court's ruling.  See
Bryant v. United Shortline Inc. Assurance Servs., 972 S.W.2d 26, 31 (Tex.
1998); In re Guardianship of Berry, 105 S.W.3d 665, 667 (Tex. App.BBeaumont 2003, no pet.).  Appellants= first, second, and third issues are
overruled.              

In their fourth issue, appellants contend
the trial court abused its discretion by not granting their motion for new
trial.  This issue, however, is
inadequately briefed.  Appellants have
failed to present us with a clear or concise argument in support of this
contention and have failed to present references to appropriate
authorities.  See Tex. R. App. P. 38.1(h).  Appellants= fourth issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum Opinion delivered and filed this

the 18th day of May, 2006.











[1]
On July 15, 2004,
appellee provided this Court with a supplemental reporter=s record consisting of
twenty-six pages of testimony, solely on the issue of the reasonableness of
attorney=s fees and expenses.