**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 8, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00813-CV

### IN RE JOSE JUAN AMARO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**300th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 67083**

## MEMORANDUM OPINION

On September 17, 2013, relator Jose Juan Amaro filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable K. Randall Hufstetler, presiding judge of the 300th District Court of Brazoria County, to rule on his motion to set aside a default judgment, which was filed in the trial court on or about January 14, 2013.

Mandamus relief is available only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). It is the relator's burden to provide this court with a sufficient record to establish the right to mandamus relief. *See* Tex. R. App. P. 52.3; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992).

To establish an abuse of discretion by failing to rule on a motion, the relator must show that the trial court had a legal duty to rule, was asked to rule, and failed or refused to do so. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding). A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court and that the trial court failed or refused to rule. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Merely filing a matter with the district clerk is not sufficient to impute knowledge of the pending pleading to the trial court. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator attached a limited record to his petition, consisting of only his motion to set aside, two return receipts for certified mail, and an affidavit in support of his petition. In his affidavit, relator attests that he filed a document on or about May 25, 2013, asking for the trial court to docket and consider his motion to set aside. Relator did not attach a certified or sworn copy of this document, as required by rule. *See* Tex. R. App. P. 52.7(a)(1) ("Relator must file with the petition a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding . . . ."). We cannot accept an affidavit as a substitute for the official record. *See Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 384–85, 110 S.W.2d 561, 566 (1937); *Res. Health*

*Servs., Inc. v. Acucare Health Strategies, Inc.*, No. 14-06-00846-CV, 2007 WL 4200587, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.).

The record before this court fails to demonstrate that the relator's motion was brought to the attention of the trial court. *Cf. In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding) (mandamus relief available where record contained two letters submitted to the trial court requesting an immediate ruling). Relator has not met his burden to prove his entitlement to mandamus relief. *See Walker*, 827 S.W.2d at 837. Accordingly, we deny his petition for writ of mandamus.

PER CURIAM
Panel consists of Justices Christopher, McCally, and Donovan.