**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 21, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00999-CV

---

### IN RE JASON D. WHITNEY, Relator

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
311th District Court
Harris County, Texas
Trial Court Cause No. 2013-02726**

---

## MEMORANDUM OPINION

On November 12, 2013, relator Jason D. Whitney filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel respondent, the Honorable Denise Pratt, presiding judge of the 311th District Court of Harris County, to enter a final decree of divorce based on a mediated settlement agreement. Relator also seeks immediate relief by staying all further proceedings in the trial court.

Relator asserts that respondent conducted an in camera hearing on October 9, 2013, to discuss entry of the final decree of divorce. During that hearing, respondent allegedly refused to sign the decree over concerns of the best interests of the children. Respondent allegedly suggested the appointment of an amicus attorney and the setting of an evidentiary hearing to address questions of unsupervised visitation.

The record does not contain a transcript of the in camera hearing. The only evidence in support of relator's assertions is an affidavit from his attorney. In this affidavit, relator's attorney attests that "Judge Pratt made no orders on this date, stating it was up to counsel to determine how best to proceed." Our record indicates that a final evidentiary hearing was set for November 6, 2013, then reset for November 12, 2013, because of scheduling conflicts.

Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding). "Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)); *see also* Tex. R. App. P. 52.7(a). Generally, the record must contain either a written order from the trial court or a reporter's record of the trial court's oral order denying a motion for relief. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). In this case, there is no record of a ruling. Relator has not shown, for example, that respondent has denied a written motion to enter judgment on a mediated settlement agreement. *E.g.*, *In re Lee*, No. 11-0732, — S.W.3d —, 2013 WL 5382067, at *2 (Tex. Sep. 27, 2013) (orig. proceeding). The affidavit from relator's attorney affirmatively establishes that

respondent has made no order. Even if an oral ruling was made at the in camera hearing, we cannot accept an affidavit as a substitute for the official record. *See Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 384–85, 110 S.W.2d 561, 566 (1937); *Res. Health Servs., Inc. v. Acucare Health Strategies, Inc.*, No. 14-06-00846-CV, 2007 WL 4200587, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.).

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus and request for emergency stay.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.