**Petition for Writ of Mandamus Denied and Memorandum Opinion filed November 6, 2015.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-15-00943-CV**

---

**IN RE VINCENT FRANZESKOS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-68975**

---

## MEMORANDUM OPINION

On November 5, 2015, relator Vincent Franzeskos filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Charley Prine, presiding judge of the 246th District Court of Harris County, to

vacate his denial of and grant relator's motion for judgment nunc pro tunc of an order that modified the child possession provisions of a final divorce decree.

Relator has not satisfied his burden to demonstrate his entitlement to the extraordinary relief of a writ of mandamus. *See In re State Bar of Tex.*, 113 S.W.3d 730, 733 (Tex. 2003) (orig. proceeding) ("'Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law *when there is no other adequate remedy by law*.'" (quoting *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding)) (emphasis added). Relator may file a motion to modify the possession order. *See* Tex. Fam. Code Ann. § 156.101. Thus, he has an adequate remedy at law. *See In re Hernandez*, 14-13-01038-CV, 2014 WL 6854621, at \*1 (Tex. App.—Houston [14th Dist.] Dec. 4, 2014, orig. proceeding).

Additionally, the record for a petition for writ of mandamus must contain either a written order from the trial court or a reporter's record of the trial court's oral order denying a motion for relief. *See In re Bill Heard Chevrolet, Ltd.*, 209 S.W.3d 311, 316 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). In this case, relator has not provided either a written order or a reporter's record showing that the trial court denied his motion for judgment nunc pro tunc. Relator has only provided an affidavit of his attorney that the trial court denied the motion. An affidavit may not serve as a substitute for the official record. *See In re Whitney*, 14-13-00999-CV, 2013 WL 6157121, at \*1 (Tex. App.—Houston [14th Dist.] Nov. 21, 2013, orig. proceeding) (citing *Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 384–85, 110 S.W.2d 561, 566 (1937); *Res. Health Servs., Inc. v. Acucare*

2

*Health Strategies, Inc*., No. 14–06–00846–CV, 2007 WL 4200587, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2007, no pet.) (mem. op.).

Accordingly, we deny relator's petition for writ of mandamus because: (1) he has an adequate remedy at law, and (2) he has not provided this court with an adequate record.

Relator also filed a motion for emergency stay. Because we deny the petition, we also deny the motion for emergency stay.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Brown.