**Opinion issued April 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00260-CV

———————————

**JOAN DEYOUNG, STEPHEN DEYOUNG, M.D.,
AND DAVID DEYOUNG, Appellants**

**V.**

**WILLIAM L. MAYNARD, INDIVIDUALLY AND AS EXECUTOR
OF THE ESTATE OF JUDY PAGE MAYNARD, DECEASED,
AND MAYNARD PROPERTIES, L.P., Appellees**

---

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Case No. 2011-18770**

---

## MEMORANDUM OPINION

Joan DeYoung, Stephen DeYoung, M.D., and David DeYoung attempt to appeal the trial court's February 17, 2015 and March 9, 2015 orders granting the no-evidence summary judgment motion filed by William Maynard, individually and as

executor of the estate of Judy Page Maynard, deceased, and Maynard Properties, L.P. (collectively, Maynard). We dismiss the appeal for want of jurisdiction.

This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *Bison Bldg. Materials, Ltd. v. Aldridge,* 422 S.W.3d 582, 585 (Tex. 2012); *CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *see Lehmann v. Har–Con Corp*., 39 S.W.3d 191, 200 (Tex. 2001); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2015) (authorizing appeals from certain interlocutory orders).

The record reveals that Maynard's no-evidence grounds for summary judgment encompass only three of the DeYoungs' four claims; Maynard's motion did not address their claim for breach of the duty of loyalty and care under Chapter 152 of the Texas Business Organizations Code.[1] Maynard also sought summary judgment on all of the DeYoungs' claims pursuant to Texas Rule of Civil Procedure 166a(c) based on the affirmative defense of limitations, but the order appealed from does not contain a ruling on that portion of Maynard's motion. Further, nothing in the record indicates that the DeYoungs abandoned their Chapter 152 claim or that Maynard had any intent to abandon the limitations defense. A footnote in the notice of appeal states that, "while the Court has indicated that an additional judgment will

---

[1] The DeYoungs' live pleading was on file before Maynard moved for summary judgment.

be entered in this matter, this notice of appeal is filed in an excess of caution based on plaintiffs' understanding that the Court considered its February 17, 2015 order to be a final judgment in this matter."

The trial court's order, however, does not contain language purporting to dispose of all parties and all claims or otherwise unequivocally express any intent to finally dispose of the entire case. The trial court's docket entries indicate that it intended to grant summary judgment without specifying grounds and that it intended its judgment to be final, but a docket entry cannot change or enlarge the judgment as entered. *Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561, 566 (Tex. 1987), *cited in In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005). Because the record lacks a final judgment or appealable interlocutory order, we dismiss the appeal for want of jurisdiction.

Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.

3