Brian K. HARRINGTON, Appellant,

v.

M. Gay Fowler
HARRINGTON, Appellee.

No. 01–87–00225–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 22, 1987.

Sharon O. Garner, Vinson & Elkins, Houston, for appellant.

Burta Rhoads Raborn, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and SAM BASS, JJ.

DUGGAN, Justice.

In this appeal from a divorce judgment, the appellant attacks the court-ordered division of certain real property that he claims as his separate property. The divorce decree recites:

The Court further finds that the property situated at 2639 Talbot, Houston, Harris County, Texas, was purchased for the mutual benefit, use and ownership of both parties and accordingly, it is OR-DERED that BRIAN K. HARRINGTON and M. GAY FOWLER HARRINGTON be awarded and each party is hereby awarded as tenants in common an undivided one-half interest in said property....

In two points of error, the appellant contends that the court abused its discretion in concluding that the parties owned the Talbot property as tenants in common, because (1) that finding unconstitutionally divested him of his separate property, resulting in an unjust division, and (2) there was no evidence to support a finding of oral partnership/joint venture, and the evidence establishes that the appellant owned the property as separate property for two years before the marriage.

The appellant asserts that he acquired the property two years before the marriage, that no common law marriage existed at that time, and that the credit application and title to the property were solely in his name. He argues that there is no evidence to support a finding by the trial judge that this was community property, and he has rebutted any presumption that the property was community property. Thus, he argues, the trial court unconstitutionally divested him of his separate property when it awarded a one-half interest of the Talbot property to the appellee as community property. He quotes the language of the trial judge at the end of the hearing, "Thee [sic] Court finds the Talbot Street property to be part of the community, and

the parties will own it as tenants-in-common." The docket sheet shows a similar entry.

The appellee does not dispute the appellant's discussion of authorities that define the difference between separate and community property. But she asserts that these principles do not apply to this case, because the trial court did not, as the appellant contends, erroneously designate the Talbot property as community property and divide it as such. Rather, the court found that the property was purchased by the parties as tenants in common, pursuant to an oral partnership. Thus, the court merely recognized that the parties owned the property as partners before their marriage, and upon divorce, the court correctly granted the appellant his undivided one-half interest as his separate property.

At the appellant's request, the trial court made findings of fact and conclusions of law. The court found, inter alia, that the parties began to live together in December 1971; that they were ceremonially married on December 18, 1977; and that they stopped living together as husband and wife on May 30, 1985. The court found that they lived in leased residences in their joint names from 1972 until the purchase of the Talbot Street residence; that in the spring of 1975, the parties agreed to look for a home to purchase in West University Place; that they looked for prospective homes together for a period of approximately three months; that both parties agreed on the choice of the home to purchase, i.e., the Talbot Street property; and that both parties attended the closing of the sale of the Talbot Street house. The court further found that at the time of purchase, the appellee had a bachelor's degree in journalism; that the appellant had a master of business degree in finance and had taken courses in business law; and that at that time of the purchase, the appellee was terminating her employment to attend law school full time.

The court further found that at the time of the purchase of the home, the parties agreed that title to the property would be

taken in the appellant's name, at appellant's suggestion, for credit purposes and convenience only, but intended the residence to be owned, used, and enjoyed jointly. The parties expended labor and money in improvements to the home and planned to use the appellee's separate property funds to remodel the home. Finally, the court found that the reason for the marriage was to have children and that the appellee became pregnant immediately after the parties married.

The trial court concluded that the parties entered into an oral partnership/joint venture to own and occupy the home located on Talbot Street jointly; that they took title to the home in appellant's name for convenience and credit purposes only; and that the parties owned the home as tenants in common.

When a judgment is rendered in writing and then signed, it becomes the official judgment of the court. *See Wood v. Griffin & Brand*, 671 S.W.2d 125, 130 (Tex.App.—Corpus Christi 1984, no writ). Recitals in a judgment or signed order of the court control over a conflicting docket entry. *See Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 110 S.W.2d 561, 566 (1937); *Verret v. Verret*, 570 S.W.2d 138 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Tejas Trail Property Owners Ass'n v. Holt*, 516 S.W.2d 441, 446 (Tex.Civ.App. —Fort Worth 1974, no writ).

The judgment of the court and its findings of fact and conclusions of law do not characterize the Talbot Street property as community property. We thus disagree with the appellant's basic premise in point of error one that the court erroneously divided that property as community property, and improperly divested him of his separate property. Because of this holding, the appellant's argument and authorities are inapplicable to the present case, and we overrule point of error one.

In point of error two, the appellant contends that the court erred in concluding that the parties owned the Talbot Street home as tenants in common, because there is no evidence to support a finding of oral partnership/joint venture. The appellant

contends that the record establishes as a matter of law that he owned the home as his separate property for three years before the marriage.

A partnership is generally defined as an association among two or more persons to carry on as co-owners a business for profit. *See, e.g.,* Tex.Rev.Civ.Stat.Ann. art. 6132b, sec. 6 (Vernon 1970). A joint venture is similar, but is generally limited to a single transaction. *C.C. Roddy, Inc. v. Carlisle*, 391 S.W.2d 765 (Tex.Civ.App.— Fort Worth 1965, writ ref'd n.r.e.). In determining whether a partnership exists between spouses or cohabitants in the purchase or ownership of property, the parties' intent is an important factor. *Negrini v. Plus Two Advertising, Inc.*, 695 S.W.2d 624, 631 (Tex.App.—Houston [1st Dist.] 1985, no writ); *see also Cluck v. Sheets*, 141 Tex. 219, 171 S.W.2d 860 (1943); *Small v. Harper*, 638 S.W.2d 24 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

In reviewing a "no evidence" point of error, we consider only the evidence and inferences that tend to support the finding, and we disregard all evidence and inferences to the contrary. *King v. Bauer*, 688 S.W.2d 845, 846 (Tex.1985); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The appellee pled that an oral partnership existed in the parties' purchase and ownership of the property, entitling her to an undivided one-half interest in the property. After making the findings of fact described above, the trial judge also reached that conclusion and entered judgment for the appellee on this question. After reviewing the record, we find that there is some evidence of probative force to support the court's findings and conclusion.

There was testimony that the parties lived together for about three years in residences leased in both their names; that they eventually decided that they wanted to live in a house together and went house-

hunting together; and that they found the house that they liked after about three months. The appellee testified that she had no legal background at the time the Talbot house was purchased, and that she did not then understand the nature of separate versus community property. She testified that the appellant told her that because she was earning so little money at the time, he would apply for the loan himself and put his name on it. She agreed and had no concern that he would ever assert that the property was his alone. She testified that they always referred to the property as "our home," and that the appellant never claimed the property was his alone before the separation. They both contributed to improving the house, including painting, wall papering, remodeling, and repairs. At no time did the appellant ever indicate to her that he intended her to have no ownership interest in the house. The appellee also testified that she spent much of her separate property income on the house and on living expenses for the children, and that although she and her husband had separate bank accounts, she did not carefully segregate out her separate property income until after the separation.

Viewing only the evidence that tends to support the verdict and drawing the inferences favorable to the verdict, we find that there is some evidence to support the trial court's findings and conclusion that the parties intended to purchase and own the Talbot Street property as partners. We thus find no abuse of discretion in the trial court's judgment that that property is owned by the parties as tenants in common, with each having an undivided one-half interest as separate property.

The judgment of the trial court is affirmed.