**Opinion filed August 14, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00246-CV

_____

## IN THE INTEREST OF C.E.R. AND A.J.R., CHILDREN

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. CC2-23,063**

### M E M O R A N D U M   O P I N I O N

In this suit affecting the parent-child relationship, the trial court appointed C.E.R. and A.J.R.'s father, Eddie Rodriguez, and their mother, Cynthia Ortiz, as their joint managing conservators. Among other things, the trial court ordered that Eddie would have the exclusive right to designate the primary residence of the children. In its written order, the trial court limited Cynthia's visitation with the children to access through the "Kids First Program" pursuant to its "schedule, rules, and regulations." Because there has not been a showing that the trial court abused its discretion, we affirm.

Cynthia presents us with a single issue on appeal. Specifically, Cynthia

complains that "THE TRIAL COURT ABUSED ITS DISCRETION BY ONLY ALLOWING [CYNTHIA] TO VISIT WITH THE CHILDREN FOUR HOURS EVERY TWENTY-EIGHT DAYS, ON A SUPERVISED STATUS AT HER EXPENSE, WHILE GIVING THE RESPONDENT POSSESSION OF THE CHILDREN THE OTHER 664 HOURS DURING SUCH TWENTY-EIGHT DAY PERIOD." She does not attack any other action of the trial court.

Before we reach the various arguments of the parties, we first note that the action of the trial court about which Cynthia complains is not the final order of the trial court. At the conclusion of the final hearing, the record shows that the trial court made the following announcement: "This is a joint managing conservatorship with the father as primary. Visitation will be two hours every other Saturday at Kids First." The trial court made the following docket entry after the hearing: "Final Hearing-JMC w/father as primary. Visits: 2 hrs every other Saturday via Kids First."

But, in the subsequent written order that was entered by the trial court, it provided, among other things not relevant to this appeal: "IT IS ORDERED that Cynthia Ortiz shall have visitation with, possession of and access to the minor children with The Center for Children and Families . . . through 'Kids First Program,' pursuant to the schedule, rules and regulations of 'The Kids First Program.'" The visitations were to be supervised and videotaped and paid for by Cynthia.

After a judgment is rendered in writing and signed, it is the official judgment of the court. *Harrington v. Harrington*, 742 S.W.2d 722, 724 (Tex. App.—Houston [1st Dist.] 1987, no pet.). The written order takes precedence over a docket entry. *Id.* Also, any conflict between an oral pronouncement and a written order or judgment is resolved in favor of the written order or judgment. *In re JDN Real Estate-McKinney L.P.*, 211 S.W.3d 907, 914 n.3 (Tex. App.—Dallas 2006,

orig. proceeding). "[D]ocket entries . . . can neither change nor enlarge judgments or orders as entered in the minutes of the court." *Lopez v. Brown*, 356 S.W.3d 599, 603 n.4 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (alteration in original) (quoting *Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561, 566 (Tex. 1937)).

The trial court's restrictions on Cynthia's visitation arise neither from the oral pronouncement of the trial court nor its docket entry. The restrictions under which the parties must operate arise under the written order of the trial court, and the written order of the trial court does not contain the restrictions about which Cynthia complains. Any restrictions placed upon Cynthia are those provided for in the schedule, rules, and regulations of the Kids First Program. We have not been able to find anything in this record to show what types of restrictions are contained in the schedule, rules, and regulations of the Kids First Program. It could be that the schedule, rules, and regulations of the Kids First Program are so stringent that the trial court's imposition of them under the facts of this case would constitute an abuse of discretion. On the other hand, the schedule, rules, and regulations of the Kids First Program might be an appropriate exercise of the trial court's discretion under the facts of this case—we simply cannot tell from this record.

Cynthia complains about restrictions contained in an oral pronouncement and in a docket entry; neither of which binds the parties in this case. Under the case as it has been presented to us, we cannot say that the trial court abused its discretion "by only allowing [Cynthia] to visit with the children four hours every twenty-eight days, on a supervised status at her expense, while giving the respondent possession of the children the other 664 hours during such twenty-eight day period," because that is not what the trial court finally ordered. Cynthia's sole issue on appeal is overruled.

3

We affirm the order of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


August 14, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.