ACCEPTED
12-15-00061-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/13/2015 3:21:35 PM
CATHY LUSK
CLERK

**ORAL ARGUMENT REQUESTED**

**NO. 12-15-00061-CV**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/13/2015 3:21:35 PM
CATHY S. LUSK
Clerk

IN THE
THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

ALINEA FAMILY HOSPICE CARE LLC D/B/A ALINEA FAMILY HOSPICE CARE,
DONNA JUNKERSFELD, R.N., AND KARLA GAMBLE, LVN
APPELLANTS,

V.

PEGGY GOLDSMITH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUTH
N. MASSEY,

APPELLEE.

From the 294th Judicial District Court for
Van Zandt County, Texas, Cause No. 13-00276

BRIEF OF APPELLANTS
ALINEA FAMILY HOSPICE CARE LLC D/B/A ALINEA FAMILY HOSPICE CARE,
DONNA JUNKERSFELD, R.N. AND KARLA GAMBLE, LVN

JASON D. MAZINGO
State Bar No. 24055925
Jason@MazingoFirm.com
THE MAZINGO FIRM, P.C.
305 South Broadway Avenue, Suite 404
Tyler, Texas 75702
Telephone: 903-630-7123
Facsimile:

**ATTORNEY FOR APPELLANTS ALINEA
FAMILY HOSPICE CARE, LLC D/B/A
ALINEA FAMILY HOSPICE CARE, DONNA
JUNKERSFELD, RN AND KARLA GAMBLE,
LVN.**

# IDENTITY OF PARTIES AND COUNSEL

In compliance with Rule 38.1(a), Appellant certifies that the following is a complete list of parties to the trial court's judgment and the names and addresses of all trial and appellate counsel:

Defendant/Appellant: **ALINEA FAMILY HOSPICE CARE LLC D/B/A ALINEA FAMILY HOSPICE CARE, DONNA JUNKERSFELD, R.N., AND KARLA GAMBLE, LVN**

Defendant/Appellant's Counsel: Jason D. Mazingo
State Bar No. 24055925
Jason@MazingoFirm.com
THE MAZINGO FIRM, P.C.
305 South Broadway Avenue, Suite 810
Tyler, Texas 75702
Telephone: 903-630-7123
Facsimile: 800-771-3589

(Lead Counsel for Appellants)

Plaintiff/Appellee **PEGGY GOLDSMITH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF RUTH N. MASSEY**

Plaintiff/Appellees' Counsel: Mr. Patrick Powers
patrick@powerstaylor.com
Ms Anjulie Ponce
anjulie@powerstaylor.com
Powers Taylor LLP
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206

_____
Jason D. Mazingo

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .................................................................i

TABLE OF AUTHORITIES ............................................................................... 1

STATEMENT OF THE CASE.............................................................................. 3

STATEMENT REGARING ORAL ARGUMENT ........................................... 4

STATEMENT OF JURISDICTION .................................................................. 4

STATEMENT OF FACTS ................................................................................... 4

STANDARD OF REVIEW ................................................................................. 8

ARGUMENT AND AUTHORITIES................................................................. 8

I.     THE HONORABLE TRIAL COURT ABUSED ITS DISCRETION IN DENYING ALINEA'S MOTION TO DISMISS BECAUSE GOLDSMITH'S AMENDED EXPERT REPORTS WERE SERVED AFTER THE STATUTORY THIRTY-DAY EXTENSION EXPIRED.........8

    A.    CHAPTER 74 PROVIDES FOR A SINGLE THIRTY-DAY EXTENSION. ....................................................................................9

    B.    THE TRIAL COURT'S MAY 27, 2014 ORDER CONTROLLED THE DEADLINE FOR GOLDSMITH TO SERVE HER AMENDED CHAPTER 74 REPORT. ...........................................................13

        1)   *The trial court's docket sheet entry on June 23, 2014 did not enlarge the relief granted by its May 27, 2014 order.* ...............................................14

        2)   *Chapter 74 does not include a good cause standard to allow the extension of its deadlines beyond the statutory mandates.*.......................................16

CONCLUSION AND PRAYER ......................................................................18

APPENDIX 1 (Trial Court's Order) ................................................................ 20

APPENDIX 2 (Texas Civil Practice & Remedies Code § 74.351)..................... 22

# TABLE OF AUTHORITIES

**Cases**

*Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873 (Tex.2001) ....................8

*Awoniyi v. McWilliams*, 261 S.W.3d 162 (Tex. App.—Houston [14th Dist.] 2008,
   no pet.) ...............................................................................................................12

*Azopardi v. Hollebeke*, 428 S.W.2d 167 (Tex.Civ. App.-Waco 1968, no writ) .................14

*Constancio v. Bray,* 266 S.W.3d 149 (Tex. App.—Austin 2008, no pet.) ...........................9

*Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149 (Tex. App.—
   Dallas 1986, no writ) ..........................................................................................14

*ETMC First Physicians v. Van Ness*, 2014 Tex. App. LEXIS 3495 (Tex. App.—
   Tyler 2014, pet. requested) ....................................................................................8

*Ex parte Rains*, 257 S.W. 217 (1923) ................................................................................14

*Faulkner v. Culver*, 851 S.W.2d 187 (Tex.1993) ..............................................................14

*Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561 (1937) ..................................... 14, 15

*Harrington v. Harrington*, 742 S.W.2d 722 (Tex. App.—Houston [1st Dist] 1987,
   no pet.) ...............................................................................................................15

*Heart Hosp. v. Matthews*, 212 S.W.3d 331, 333 n. 4 (Tex. App. Austin 2006) .................17

*In re Bill Heard Chevrolet, Ltd.,* 209 S.W.3d 311 (Tex. App.—Houston [1st Dist.]) ... 7, 14

*In re Covenant Health Sys.*, No. 07-05-0462-CV, 2006 Tex. App. LEXIS 1696, at
   *8 (Tex. App.--Amarillo Mar. 1, 2006, orig. proceeding ...............................................16

*In re Estate of Townes*, 934 S.W.2d 806 (Tex. App.—Houston [1st Dist.] 1996,
   orig. proceeding) ....................................................................................................15

*In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2003) ........................................................8

*Lewis v. Funderburk*, 2008 Tex. App. LEXIS 9761 (Tex. App.—Waco 2008, pet.
   denied) ....................................................................................................................8

*Lewis v. Funderburk, 253 S.W.3d 204 (Tex.2008)* ........................................................ 4, 9

*Lopez v. Brown*, 356 S.W.3d 599 (Tex. App.—Houston [1st Dist.] 2011, no pet.) .........15

*Mokkala v. Mead*, 178 S.W.3d 66 (Tex. App.-Houston [14th Dist.] 2005, pet.
   denied) ....................................................................................................................13

*Nexion Health at Beechnut, Inc. v. Paul*, 335 S.W.3d 716 (Tex. App.—Houston
   [14th Dist .] 2011, no pet) .................................................................................. 10, 12

*Packard v. Guerra*, 252 S.W.3d 511 (Tex. App.—Houston [14th] 2008, pet. denied)................................................................................................................8

*Restelle v. Williford*, 364 S.W.2d 444 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.)..............................................................................................................14

*Rivenes v. Holden,* 257 S.W.3d 332 (Tex. App.-Houston [14th Dist.] 2008, pet. denied)..............................................................................................................10

*Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995) ................................................14

*SSC Robstown Operating Co. LP v. Perez*, 2013 Tex. App. LEXIS 1983 (Tex. App.—Corpus Christ 2013, pet. denied) .................................................... 9, 10

*Thoyakulathu v. Brennan*, 192 S.W.3d 849 (Tex. App.—Texarkana 2006, no pet.)..........13

*Utils. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719 (Tex. App.—Dallas 1988, no writ) ......................................................................................................14

*Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003) ..............................................8

## Statutes

TEX. CIV. PRAC. & REM CODE. § 74.351(c)...........................................................passim

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9) ................................................. 4, 17

TEX. GOV'T CODE § 22.201(m)............................................................................4

TEX. GOV'T CODE § 24.471................................................................................4

**TO THE HONORABLE TWELFTH COURT OF APPEALS:**

**STATEMENT OF THE CASE**[1]

This is a medical negligence case. Peggy Goldsmith, filed her Original Petition on November 1, 2013 alleging that Alinea Family Hospice Care LLC d/b/a Alinea Family Hospice Care, Donna Junkersfeld, R.N., and Karla Gamble, LVN (hereinafter collectively referred to as "Alinea"), were negligent in their treatment of her mother, Ruth Massey.[2] Alinea timely answered and objected to the expert reports served by Goldsmith to comply with Texas Civil Practice & Remedies Code § 74.351(a).[3] On May 27, 2014, the trial court sustained Alinea's objections and Goldsmith was given 30 days to cure her deficient reports.[4] Goldsmith served an amended report on July 22, 2014.[5] Thereafter, Alinea sought dismissal of Goldsmith's suit citing the untimeliness of her Amended Chapter 74 Report.[6] On February 5, 2015, the trial court denied Alinea's Motion to Dismiss.[7] On February 20, 2015, Alinea timely filed its Notice of Appeal.[8]

---

[1] References to the Clerk's Record will be made as follows: (C.R. at page number (Arabic)). Appellants have not requested a Reporter's Record.

[2] C.R. at 6.

[3] C.R. at 29-34.

[4] C.R. at 35-36.

[5] C.R. at 46; C.R. at 59; C.R. at 146.

[6] C.R. 45-48.

[7] C.R. at 146.

[8] C.R. 149-150.

## STATEMENT REGARING ORAL ARGUMENT

Alinea believes that oral argument would aid the Court in reaching a resolution of this case. Even if the facts are simple and the legal issues straightforward, oral argument will allow the parties to explain the application of law to fact. Additionally, it would also allow the parties to answer any questions that the Court may have.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to hear an interlocutory appeal denying a motion to dismiss in a health care liability claim. *Lewis v. Funderburk*, 234 S.W.3d 204, 208 (Tex. 2008); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9). "The 294th Judicial District is composed of Van Zandt County." TEX. GOV'T CODE § 24.471. This Court's appellate district contains Van Zandt County, among other counties. TEX. GOV'T CODE § 22.201(m). Thus, this Court has jurisdiction to determine this interlocutory appeal regarding the trial court's abuse of discretion in denying Alinea's Motion to Dismiss.

## ISSUES PRESENTED ON APPEAL

Chapter 74 provided Peggy Goldsmith, at the trial court's discretion, with 30 days to amend her deficient Chapter 74 Reports. Apparently relying on an entry on the District Court's Docket Sheet, Goldsmith served her Amended Chapter 74 Report four days after the expiration of the statutory deadline. Should this Court reverse the trial court's denial of the Alinea's Motion to Dismiss when Goldsmith's Amended Chapter 74 Report was four days late?

## STATEMENT OF FACTS

This is a medical negligence case filed by Peggy Goldsmith, Individually and on Behalf of the Estate of Ruth N. Massey against Alinea Family Hospice Care LLC

d/b/a Alinea Family Hospice Care, Donna Junkersfeld, R.N., and Karla Gamble, LVN (collectively referred to as "Alinea").[9] "Ruth Massey was diagnosed with pancreatic cancer and underwent months of chemotherapy" before she died.[10] Ms. Massey's "physicians suggested that she discontinue chemotherapy and obtain supportive treatment and pain management care."[11] Ms. Massey's search for such care led her to Alinea.[12] Plaintiff alleges that Ruth Massey died "…as a direct result of improper medical care, horrible neglect, and medication errors committed by Alinea and its key medical staff, Dr. Ingram and Nurses Junkersfeld and Gamble."[13]

On February 5, 2014, Goldsmith served the expert reports of Steven C. Fox, M.D. and Cherrie Pullium, MSN RN ACNS ("Chapter 74 Reports") to comply with the mandates of Chapter 74 of the Texas Civil Practice & Remedies Code. Alinea objected to Goldsmith'sChapter 74 Reports alleging, *inter alia*, that they failed to adequately allege causation. On May 14, 2014, the trial court held a hearing on Alinea's objections and on May 27, 2014, the trial court sustained those objections.[14] The trial court's order gave Goldsmith 30 days to cure her deficient reports.[15]

---

[9] C.R. at 6. Richard L. Ingram, M.D. is also a defendant in the District Court action, but is not a party to this appeal.

[10] C.R. at 6.

[11] C.R. at 6.

[12] C.R. at 6.

[13] C.R. at 6-7.

[14] C.R. at 35.

[15] C.R. at 35.

On June 18, 2014, the trial court heard argument on Richard L. Ingram's M.D.'s Objections to the Chapter 74 Reports and on June 25, 2014 the trial court sustained those objections.[16] At the hearing on Dr. Ingram's Objections, Goldsmith's counsel informed Defense counsel and the Court that Goldsmith had not been served with the trial court's May 27, 2014 order sustaining Alinea's objections.[17] At the hearing, Defense counsel provided Goldsmith's counsel with a copy of the order. Goldsmith's counsel sent a letter to the trial court confirming that she had "actual notice" of its May 27, 2014 order as of June 18, 2014.[18] In that letter, Goldsmith, citing Section 74.351, requested that her deadline to serve her Amended Chapter 74 Reports run from June 18, 2014, the date she received actual notice of the trial court's order.

On June 23, 2014, *sua sponte*, the trial made an entry on its docket sheet that said:

> Court reviewed π's letter dated 6/18/2014 and finds the fax did not confirm sending to π—just as π transposed cause # on her letter. The Court finds good cause to extend the time for filing amended expert report as to ∧ Alinea Family Hospice Care, et al to the same time for filing the expert report as to ∧ Dr. Ingram.[19]

---

[16] C.R. at 37, 43.

[17] C.R. at 37.

[18] C.R. at 37.

[19] C.R. at 42.

On July 22, 2014, Plaintiff served the Amended Report of Dr. Steven Fox ("Amended Chapter 74 Report") on Alinea. Thereafter, Alinea filed its Motion to Dismiss citing the untimeliness of Goldsmith's Amended Chapter 74 Report.[20] The trial court denied Alinea's Motion to Dismiss by written order dated February 5, 2015.[21]

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion when it denied Alinea's Motion to Dismiss for two reasons. First, Chapter 74 allows for a single thirty-day extension of time to serve an amended expert report when a Court deems an initial report deficient. *See* TEX. CIV. PRAC. & REM CODE. § 74.351(c). Goldsmith's Amended Chapter 74 Report was served on July 22, 2014—34 days after she received notice of the Court's May 27, 2014 order sustaining the Alinea's objections to her Chapter 74 Reports. Second, the trial court's order, consistent with Section 74.351(c), dictated that Goldsmith had 30 days to cure her deficient reports. The trial court's subsequent attempt to *sua sponte* extend the deadline with an entry on its docket sheet was ineffective because a "docket-sheet entry…forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience." *In re Bill Heard Chevrolet, Ltd.,* 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.]). Similarly, the trial court's attempt to extend the deadline beyond the statutorily mandated thirty-

---

[20] C.R. at 45-48.

[21] C.R. at 146.

days was also an abuse of discretion because it incorrectly applies the law of Section 74.351(c) to the facts of this case.

## STANDARD OF REVIEW

This Court reviews a trial court's decision regarding dismissal of a health-care liability claim for an abuse of discretion. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex.2001); *accord ETMC First Physicians v. Van Ness*, 2014 Tex. App. LEXIS 3495 at \*5 (Tex. App.—Tyler 2014, pet. requested). "A trial court abuses its discretion if it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles." *Walker v. Gutierrez,* 111 S.W.3d 56, 62 (Tex.2003); *accord ETMC First Physicians*, 2014 Tex. App. LEXIS 3495 at \*5. A trial court's failure to analyze or apply the law correctly is an abuse of discretion. *In re Sw. Bell Tel. Co.*, 226 S.W.3d 400, 403 (Tex. 2003) *accord ETMC First Physicians v. Van Ness*, 2014 Tex. App. LEXIS 3495 at \*5. "To the extent resolution of the issues presented requires interpretation of the statute, [this Court] review[s] the order under a de novo standard." *Packard v. Guerra*, 252 S.W.3d 511, 515 (Tex. App.—Houston [14th] 2008, pet. denied); *Lewis v. Funderburk*, 2008 Tex. App. LEXIS 9761 (Tex. App.—Waco 2008, pet. denied).

## ARGUMENT AND AUTHORITIES

**I. THE HONORABLE TRIAL COURT ABUSED ITS DISCRETION IN DENYING ALINEA'S MOTION TO DISMISS BECAUSE GOLDSMITH'S AMENDED EXPERT REPORTS WERE SERVED AFTER THE STATUTORY THIRTY-DAY EXTENSION EXPIRED**

The trial court abused its discretion when it denied Alinea's Motion to Dismiss for at least two reasons. First, at most, Chapter 74 provided Goldsmith with a single thirty-day extension of time to cure her deficient Chapter 74 Reports. Additionally, the trial court's attempt to *sua sponte* enlarge the time for Goldsmith to serve her Amended Chapter 74 Report via an entry on its docket sheet citing a "good cause" standard was ineffective to supersede the trial court's prior written order governing the same deadline.

A. CHAPTER 74 PROVIDES FOR A SINGLE THIRTY-DAY EXTENSION.

Chapter 74 allows a trial court to grant a single thirty-day extension to cure deficient Chapter 74 reports. Specifically, Section 74.351 (c) provides, "If an expert report has not been served within the period specified…because the elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency." TEX. CIV. PRAC. & REM CODE. § 74.351(c); *accord Lewis v. Funderburk,* 253 S.W.3d 204, 207–08 (Tex.2008). The trial court is not empowered to enlarge the statutory deadline for any reason. "A trial court has no discretion to alter the length of an extension granted under section 74.351(c)." *SSC Robstown Operating Co. LP v. Perez,* 2013 Tex. App. LEXIS 1983 at *6 (Tex. App.— Corpus Christ 2013, pet. denied) *citing Constancio v. Bray,* 266 S.W.3d 149, 162 (Tex. App.—Austin 2008, no pet.) (holding trial court abused its discretion by effectively granting a seven-day extension of the 120–day deadline to serve an expert report;

"[e]ither the claimant gets one '30–day extension' of the deadline or no extension at all."). "If a 30–day extension is granted and the plaintiff fails to timely cure the deficient report, dismissal of the plaintiff's health care liability claim is mandatory." *Id.* citing TEX. CIV. PRAC. & REM CODE § 74.351(c); *Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W.3d 716, 718–19 (Tex. App.—Houston [14th Dist .] 2011, no pet).

In *Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2011, no pet) the Houston Court of Appeals dealt with a scenario similar to the one presented here. In *Nexion*, the plaintiff's initial expert report was found deficient the plaintiff was given 30 days to cure the deficiency. *Id.* at 318. On the 30th day at 6:14 P.M., Plaintiff served her amended report by facsimile. *Id.* In dismissing her claims, the court noted that "service by fax that occurs after 5:00 p.m. is considered served on the next day." *Id.* "Therefore, [the plaintiff] served her amended expert report one day late." *Id.* "Because [the plaintiff] did not comply with the service requirements of section 74.351, the trial court had no discretion to take any action other than dismissing the claim." *Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W.3d 716 (Tex. App.—Houston [14th Dist.] 2011, no pet) *citing Rivenes v. Holden,* 257 S.W.3d 332, 336 (Tex. App.-Houston [14th Dist.] 2008, pet. denied).

The trial court signed its order sustaining the Alinea's objections to Goldsmith's Chapter 74 Reports on May 27, 2014. Under ordinary circumstances, Goldsmith's deadline to amend her Chapter 74 reports would have been June 26, 2014. *See* TEX. CIV. PRAC. & REM CODE. § 74.351(c). In this instance, Goldsmith did not receive

notice of the trial court's order until June 18, 2014 when the trial court heard argument on Dr. Ingram's objections to Goldsmith's Chapter 74 Reports.

Section 74.351(c) provides relief for plaintiffs, like Goldsmith, who do not receive notice of a trial court's order granting an extension of time to cure deficiencies until after the running of the statutory 120-day deadline for the service of such reports. In such a situation, Chapter 74 provides that the "30-day extension shall run from the date the plaintiff first received the notice." TEX. CIV. PRAC. & REM CODE. § 74.351(c). Alinea does not dispute Goldsmith's assertion that she was not served with a copy of the trial court's order of May 27, 2014 and did not learn of that order until June 18, 2014. But given that Goldsmith received notice of the trial court's order sustaining the Alinea's objections on June 18, 2014, her deadline to amend her report was July 18, 2014. Indeed, in her letter to the trial court requesting additional time to serve her Amended Chapter 74 Report based on the trial court's failure to properly notify her of its decision, Goldsmith specifically notes that she received "actual notice" of the trial court's order that day and requests that her thirty-day extension run from June 18, 2014 rather than May 27, 2014. It is undisputed that Goldsmith served her amended reports after July 18, 2014.[22]

Golfsmith will likely argue that she never been served with a copy of the trial court's May 27, 2014 order. Goldsmith misses the point of Section 74.351(c) which

---

[22] C.R. at 46, 59, 146.

eschews the language of service and says that the thirty-day deadline runs "from the date the plaintiff first received the notice." Here, that date is no later than June 18, 2014. There is ample proof in the record that Goldsmith received notice that day. Specifically, in her letter to the trial court, Goldsmith's counsel said, "Plaintiff respectfully requests that the Court grant Plaintiff thirty (30) days from today's date, when Plaintiff received <u>actual notice</u> of the Court's ruling, to amend Dr. Fox's report with respect to Alinea Family Hospice Care LL (sic) d/b/a Alinea Family Hospice Care, Donna Junkersfeld, R.N. and Karla Gamble, L.V.N., pursuant to Civil Practice and Remedies Code § 74.351(c)."[23] Goldsmith cites this very section of Chapter 74, says she has "actual notice" of the Court's ruling, and asks for 30 days to run from June 18, 2014. Goldsmith's letter accurately articulates the law which does not require service, it requires notice. To date, Goldsmith has cited no case to support her proposition that notice in Chapter 74 is akin to formal service.

Even though the result may appear draconian, because Goldsmith failed to timely cure her deficient reports, her claims against Alinea must be dismissed. *See Nexion Health at Beechnut, Inc.*, 335 S.W.3d at 719 (dismissing claims when the claimant's amended reports were served by facsimile at 6:14 p.m. on the thirtieth day); *Awoniyi v. McWilliams*, 261 S.W.3d 162, 164 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (dismissing claims when report was faxed two days late); *Thoyakulathu v.*

---

[23] C.R. at 37 (emphasis added)

*Brennan*, 192 S.W.3d 849, 855 (Tex. App.—Texarkana 2006, no pet.) (dismissing claims when report was not served timely because of a fax machine malfunction); *Mokkala v. Mead*, 178 S.W.3d 66, 76 (Tex. App.-Houston [14th Dist.] 2005, pet. denied) (dismissing claims when report was served one day late). The trial court's refusal to dismiss Goldsmith's claims was an abuse of discretion.

> B.     THE TRIAL COURT'S MAY 27, 2014 ORDER CONTROLLED
>        THE DEADLINE FOR GOLDSMITH TO SERVE HER
>        AMENDED CHAPTER 74 REPORT.

In her June 18, 2014 letter to the trial court, Goldsmith requested that the deadline to serve her Amended Chapter 74 Report run from that day—the day she first received notice of the trial court's May 27, 2014 order—rather than from May 27, 2014. *Sua sponte*, on June 23, 2014 the trial court made an entry on its docket sheet that said:

> Court reviewed π's letter dated 6/18/2014 and finds the fax did not
> confirm sending to π—just as π transposed cause # on her letter. The
> Court finds good cause to extend the time for filing amended expert
> report as to ∆ Alinea Family Hospice Care, et al to the same time for
> filing the expert report as to ∆ Dr. Ingram.[24]

The trial court's order sustaining Alinea's objections and giving Plaintiff 30 days to cure the deficiencies in her report was signed on May 27, 2014—well in advance of the June 23, 2014 docket entry. The docket entry did not impact the deadline for Goldsmith serve her Amended Chapter 74 reports because a docket entry cannot

---

[24] C.R. at 42.

amend a prior written order. Similarly, the trial court's attempt to extend the deadline beyond the statutory thirty days for "good cause" was a clear abuse of discretion.

        1)     *The trial court's docket sheet entry on June 23, 2014 did not enlarge the relief granted by its May 27, 2014 order.*

"Since 1923, Texas courts have consistently enforced the following general rule: all orders must be entered of record to be effective." *In re Bill Heard Chevrolet, Ltd.,* 209 S.W.3d 311, 314 (Tex. App.—Houston [1st Dist.]) *citing Ex parte Rains*, 257 S.W. 217, 220 (1923). "Entries made in a judge's docket are not accepted as a substitute for that record." *Id. citing Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561, 566 (1937). "The order must be reduced to writing, signed by the trial court, and entered in the record." *Id. Utils. Pipeline Co. v. Am. Petrofina Mktg.*, 760 S.W.2d 719, 723 (Tex. App.—Dallas 1988, no writ)."A docket-sheet entry ordinarily forms no part of the record that may be considered; rather, it is a memorandum made for the trial court and clerk's convenience." *Id.* at 315 *citing Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ); *Azopardi v. Hollebeke*, 428 S.W.2d 167, 168 (Tex.Civ. App.-Waco 1968, no writ); *Restelle v. Williford*, 364 S.W.2d 444, 445 (Tex. Civ. App.—Beaumont 1963, writ ref'd n.r.e.). "A docket-sheet entry cannot contradict or take the place of a written order or judgment." *Id.; See, e.g., Smith v. McCorkle*, 895 S.W.2d 692, 692 (Tex. 1995); *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993) (holding that docket entry granting new trial was not substitute for signed order); *In re Estate of Townes*, 934 S.W.2d 806, 807-08

(Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) (holding that trial court's oral granting of relator's motion for new trial, initialed docket sheet entry stating "MNT granted," and signed order setting case for trial, did not constitute "written order" granting new trial).

"Judgments and orders of courts of record to be effectual must be entered of record." *Hamilton v. Empire Gas & Fuel Co.*, 110 S.W.2d 561, 566 (Tex. 1937). "[D]ocket entries…can neither change nor enlarge judgments or orders as entered in the minutes of the Court." *Lopez v. Brown*, 356 S.W.3d 599, 603 n. 4 (Tex. App.— Houston [1st Dist.] 2011, no pet.) *quoting Hamilton*, 110 S.W.2d at 566. "Recitals in a judgment or signed order of the court control over conflicting recitals in either the reporter's or clerk's record." *Id.* q*uoting Hamilton*, 110 S.W.2d at 566. More specifically, "Recitals in a judgment or signed order of the court control over a conflicting docket entry." *Harrington v. Harrington*, 742 S.W.2d 722, 724 (Tex. App.—Houston [1st Dist] 1987, no pet.).

As the case law makes clear, the trial court's written order of May 27, 2014 controlled the deadline for Goldsmith to serve her Amended Chapter 74 Reports. *See Hamilton*, 110 S.W.2d at 566. The trial court's subsequent June 23, 2014 docket entry that purported to extend that deadline was ineffective because written orders control over conflicting docket entries. *See Harrington*, 742 S.W.2d at 724. ("Recitals in a judgment or signed order of the court control over a conflicting docket entry."). Because the trial court's written order of May 27, 2014 controls, Goldsmith's

Amended Chpater 74 Report were due to be served on July 18, 2014. The parties and the trial court agree that service of that report took place *after* July 18, 2014. As a result, the trial court's decision denying Alinea's Motion to Dismiss was a clear abuse of discretion that should be remedied by this Court.

> 2) *Chapter 74 does not include a good cause standard to allow the extension of its deadlines beyond the statutory mandates.*

In its docket sheet entry, the trial court noted that it found "good cause to extend the time for filing amended expert report as to ∧ Alinea Family Hospice Care, et al to the same time for filing the expert report as to ∧ Dr. Ingram."[25] But Chapter 74 contains no "good cause" exception that allows an extension of time to cure reports beyond the statutorily prescribed thirty-days. The predecessor to Chapter 74, 4590i, contained a "good cause" exception, but even that prior provision would not be applicable here. As another intermediate appellate court has explained:

> Article 4590i, the predecessor to section 74.351, provided for a discretionary thirty-day extension of time upon a showing of "good cause" and a mandatory thirty-day "grace period" upon a showing that the failure to file a conforming report was due to accident or mistake and was not intentional or due to conscious indifference. *See* Act of May 4, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 986 (amending Tex. Rev. Civ. Stat. art. 4590i, § 13.01, repealed in 2003).Section 74.351 does not require a showing of good cause, accident, or mistake; it simply leaves the granting of an extension to the trial court's discretion. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(c); *see In re Covenant Health Sys.*, No. 07-05-0462-CV, 2006 Tex. App. LEXIS 1696, at *8 (Tex. App.--Amarillo Mar. 1, 2006, orig. proceeding) ("Unlike the former statute, the Legislature omitted from subsection (c) [of section74.351] terms such as 'good cause,'

---

[25] C.R. at 20.

'accident,' or 'mistake' in vesting the trial court with discretion to grant an extension.").

*Heart Hosp. v. Matthews*, 212 S.W.3d 331, 333 n. 4 (Tex. App. Austin 2006). In short, the prior "good cause" standard dealt with whether a plaintiff should be granted thirty-days to cure its deficient reports. Chapter 74 requires no such "good cause" requirement and imbues the trial court with discretion regarding extensions of time to cure deficient reports. TEX. CIV. PRAC. & REM. CODE § 74.351(c). Similarly, the trial court's decision regarding a thirty-day extension of time is unappealable. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9). But the case law is similarly clear that the trial court is without discretion to change the statutory time limits in Chapter 74. This dynamic makes complete sense in light of the overall statutory schema.

The legislature has made provision for plaintiffs, like Goldsmith, that are negatively impacted by late or nonexistent notice of a trial court's decision on their requested extension of time to cure deficient reports. As is more fully briefed above, the legislature provided that in such a situation, the thirty-day period runs from the "date the plaintiff first received the notice." TEX. CIV. PRAC. & REM. CODE § 74.351(c). Thus, not only is there no statutory support for the trial court's extra extension, it is unnecessary given the legislature's explicit provision for plaintiffs in Goldsmith's situation. Because there is no justification for the trial court's increasing the thirty-day time period for serving her Amended Chapter 74 Report, Goldsmith's suit must be dismissed.

## CONCLUSION AND PRAYER

The trial court abused its discretion when it denied Alinea's Motion to Dismiss. Goldsmith's suit should be dismissed because her Amended Chapter 74 Reports were not served within the thirty-days allowed by Section 74.351(c). Similarly, the trial court's *sua sponte* attempt to give Goldsmith more than thirty-days was a clear abuse of discretion because the trial court improperly applied the law of Section 74.351(c) to the facts of this case and because the trial court cannot amend or supersede a prior written order with a docket entry. For these reasons, this Court should reverse the trial court's decision, dismiss Goldsmith's suit, and remand this case back to the trial court for the sole purpose of determining the reasonable attorneys' fees that should be awarded to Alinea pursuant to Section 74.351(b)(1).

## CERTIFICATE OF SERVICE

I certify that a copy of the Brief of Appellants Alinea Family Hospice Care LLC d/b/a Alinea Family Hospice Care, Donna Junkersfeld, R.N., and Karla Gamble, LVN has been served, this 13th day of April, 2015 by electronic mail to the following counsel of record:

**Patrick Powers**
patrick@powerstaylor.com
**Anjulie Ponce**
anjulie@powerstaylor.com
Powers Taylor LLP
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206

_____
Jason D. Mazingo

## CERTIFICATE OF WORD COUNT COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(2)(B), I hereby certify that this Appellants' Brief contains 3,667 words and thus is less than the maximum allowed of 15,000.

_____
Jason D. Mazingo

# APPENDIX 1

**Cause No: 13-00276**

| | | |
|---|---|---|
| PEGGY GOLDSMITH, Ind. and | § | IN THE DISTRICT COURT |
| on behalf of The Estate of | § | |
| RUTH N. MASSEY | § | |
| Plaintiff | § | |
| vs. | § | 294th DISTRICT COURT |


| | | |
|---|---|---|
| PEGGY GOLDSMITH, Ind. and | § | IN THE DISTRICT COURT |
| on behalf of The Estate of | § | |
| RUTH N. MASSEY | § | |
| Plaintiff | § | |
| vs. | § | 294th DISTRICT COURT |
| | § | |
| ALINEA FAMILY HOSPICE CARE LLC | § | |
| RICHARD L. INGRIM, M.D., | § | |
| DONNA JUNKERSFELD, RN and | § | |
| KARLA GAMBLE, LVN | § | |
| Defendants | § | VAN ZANDT COUNTY, TX |

## ORDER DENYING DEFENDANTS ALINEA FAMILY HOSPICE CARE, DONNA JUNKERSFELD, RN. and KARLA GAMBLE, LVN'S MOTION TO DISMISS FOR FAILURE TO TIMELY AMEND CHAPTER 74 EXPERT REPORT

On the 28th day of January, 2015, the Court came on to hear Defendants ALINEA FAMILY HOSPICE CARE, DONNA JUNKERSFELD, RN and KARLA GAMBLE, LVN's Motion to Dismiss for Failure to Timely Amend Chapter 74 Expert Report and Plaintiff's Response to Defendants Motion to Dismiss. The Court after considering the evidence and argument of counsel finds:

1) On June 23rd, 2014 the Court found Plaintiff did not receive notice of the Court's Order Sustaining Defendants ALINEA FAMILY HOSPICE, DONNA JUNKERSFELD, RN and KARLA GAMBLE's Objections to Plaintiff's Chapter 74 Expert Reports due to the Court's typographical error in the Plaintiff's fax number;

2) On June 23rd, 2014, the Court extended the time for the filing of said report for 30 days; and

3) On July 22nd, 2014, Plaintiff's filed her Amended Expert Reports.

**IT IS THEREFORE ORDERED** that Defendants ALINEA FAMILY HOSPICE CARE, DONNA JUNKERSFELD, RN and KARLA GAMBLE, LVN's Motion to Dismiss for Failure to Timely Amend Chapter 74 Expert Report is in all things **DENIED.**

SIGNED this 5th day of February, 2015.

_____
JUDGE PRESIDING

# APPENDIX 2

# TEX. CIV. PRAC. & REM. CODE § 74.351. Expert Report

**(a)** In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the later of the 21st day after the date the report is served or the 21st day after the date the defendant's answer is filed, failing which all objections are waived.

**(b)** If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

    **(1)** awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

    **(2)** dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

**(c)** If an expert report has not been served within the period specified by Subsection (a) because elements of the report are found deficient, the court may grant one 30-day extension to the claimant in order to cure the deficiency. If the claimant does not receive notice of the court's ruling granting the extension until after the 120-day deadline has passed, then the 30-day extension shall run from the date the plaintiff first received the notice.

**(d)** to (h) [Reserved].

**(i)** Notwithstanding any other provision of this section, a claimant may satisfy any requirement of this section for serving an expert report by serving reports of separate experts regarding different physicians or health care providers or regarding different issues arising from the conduct of a physician or health care provider, such as issues of liability and causation. Nothing in this section shall be construed to mean that a single expert must address all liability and causation issues with respect to all physicians or health care providers or with respect to both liability and causation issues for a physician or health care provider.

**(j)** Nothing in this section shall be construed to require the serving of an expert report regarding any issue other than an issue relating to liability or causation.

**(k)** Subject to Subsection (t), an expert report served under this section:

    **(1)** is not admissible in evidence by any party;

**(2)** shall not be used in a deposition, trial, or other proceeding; and

**(3)** shall not be referred to by any party during the course of the action for any purpose.

**(l)** A court shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6).

**(m)** to (q) [Reserved].

**(r)** In this section:

**(1)** "Affected parties" means the claimant and the physician or health care provider who are directly affected by an act or agreement required or permitted by this section and does not include other parties to an action who are not directly affected by that particular act or agreement.

**(2)** "Claim" means a health care liability claim.

**(3)** [Reserved].

**(4)** "Defendant" means a physician or health care provider against whom a health care liability claim is asserted. The term includes a third-party defendant, cross-defendant, or counterdefendant.

**(5)** "Expert" means:

**(A)** with respect to a person giving opinion testimony regarding whether a physician departed from accepted standards of medical care, an expert qualified to testify under the requirements of Section 74.401;

**(B)** with respect to a person giving opinion testimony regarding whether a health care provider departed from accepted standards of health care, an expert qualified to testify under the requirements of Section 74.402;

**(C)** with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care in any health care liability claim, a physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence;

**(D)** with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the alleged departure from the applicable standard of care for a dentist, a dentist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence; or

**(E)** with respect to a person giving opinion testimony about the causal relationship between the injury, harm, or damages claimed and the

alleged departure from the applicable standard of care for a podiatrist, a podiatrist or physician who is otherwise qualified to render opinions on such causal relationship under the Texas Rules of Evidence.

**(6)** "Expert report" means a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

**(s)** Until a claimant has served the expert report and curriculum vitae as required by Subsection (a), all discovery in a health care liability claim is stayed except for the acquisition by the claimant of information, including medical or hospital records or other documents or tangible things, related to the patient's health care through:

**(1)** written discovery as defined in Rule 192.7, Texas Rules of Civil Procedure;

**(2)** depositions on written questions under Rule 200, Texas Rules of Civil Procedure; and

**(3)** discovery from nonparties under Rule 205, Texas Rules of Civil Procedure.

**(t)** If an expert report is used by the claimant in the course of the action for any purpose other than to meet the service requirement of Subsection (a), the restrictions imposed by Subsection (k) on use of the expert report by any party are waived.

**(u)** Notwithstanding any other provision of this section, after a claim is filed all claimants, collectively, may take not more than two depositions before the expert report is served as required by Subsection (a).